Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 On looking into the cases cited on the part of the plaintiff, it will be seen that the confirmations which there appeared were either to the assignee claimant by name, or in general ■terms, that is, to the original grantee and “ his legal representatives and when in the latter form, it was the assignee-claimant who had presented the claim before the board, and had furnished evidence before it of his derivative title, and which had not been the subject of dispute. The present case, therefore, is different from either of the cases referred to.
 

 A difficulty had occurred at the Land Office, at an early day, in respect to the form of patent certificates and of patents, arising out of applications to have them issued in the name of the assignee, or present claimant, thereby imposing upon the office the burden of inquiring into the derivative title presented by the applicant. This difficulty, also, existed in respect to the boards of commissioners under the acts of Congress for the settlement of French and Spanish claims. The result seems to have been, after consulting the Attorney-General, that the Commissioner of the Land Office recommended a formula that has since been very generally observed, namely, the issuing of the patent certificate, and even the patent, to the original grantee, or
 
 his legal representatives,
 
 and the same has been adopted by the several boards of commissioners. This formula, “ or his legal representatives,” embrace representatives of the original grantee in the land, by contract, such as assignees or grantees, as well as by operation of law, and leaves the
 
 *610
 
 question open to inquiry in a court of justice as to the party to whom the certificate, patent, or confirmation, should enure.
 

 Now, upon this view of the case, we think the court below erred in ruling, as matter of law, that the plaintiff was not entitled to recover. The question in the case is, whether or not the evidence produced by the plaintiff on the trial before the jury tended to prove that there had been an assignment by the one of forty arpens from Condé to Lamonde, prior to his notice of the claim before the board of commissioners in 1808 ? If it did, then it should have been submitted to the jury as a question of fact, aud not of law. The transaction was ancient, and of course it could not be expected that the evidence -would be as full and specific as if it had occurred at a more recent period.
 

 The piece of laird is but a moiety of the original concession to Condé; and it appears that previous to_ the change of government, and while Conde was living, Lamonde and' his family were in possession cultivating the strip, in the usual way in which these common field lots were occupied and improved. ' And very soon after the establishment of a board at the town of St. Louis, for the purpose of hearing and settling these French and Spanish imperfect grants, we find him presenting this claim before the board, setting up a right to it as his own, and asking for a confirmation; and in the proceedings of confirmation, the board speak of it as a claim by Lamonde, assignee of Condé.
 

 The title did not become absolute in the
 
 confirme,
 
 whoever that person might be, till the passage of the act of 1814; and in 1825, Lamonde, for he appears to have been then alive, procured from the recorder of land titles the certificate of confirmation.
 

 We are of opinion that those facts should have been sub mitted to the jury, for them to find whether or not there had been an assignment or transfer of interest in this strip of one by forty arpens from Condé to Lamonde. Especially do we think that the question should thus have been submitted, as it appears that at this early day and among these
 
 *611
 
 simple people, a parol transfer of tbis interest was as effectual as if it had been in writing.
 

 Jud&ment Reversed with costs, and cause, remanded with directions to issue
 

 New venire.