## BOVEE VS. MCLEAN.

*Evidence : Appointment and action of public officers.— Land office decisions.*

1. Where an act of congress (5 U. S. Stat. at Large, ch. 101) provided how commissioners for a certain purpose should be elected, and how the evidence of their election should be preserved as a record, a certified copy of such record is the proper evidence of the fact; and it was not error to refuse the testimony of a witness that he was one of such commissioners, etc.

2. A letter from the commissioner of the general land office at Washington, D. C., to the register and receiver of a United States land office in this state, *held* inadmissible to prove the facts therein stated as to the canceling at the former office of an entry made in, and a certificate issued from, the latter — such communication not being authenticated as required by section 104, chapter 137, R. S.

APPEAL from the Circuit Court for *Calumet* County.

Ejectment, for lot 124 of the Stockbridge reservation in said county. The plaintiff introduced in evidence a certificate under the act of congress of March 3, 1865, for the land in controversy, to Henry Moon, dated September 1, 1865, and numbered 26,636 ; and a deed of the land, dated the same day, from Moon to plaintiff. Defendant testified that he had been in possession from

Vol. XXIV. — 15

May, 1850, until the commencement of this suit.   He then read the act of congress of 1843, providing for the allotment of the lands in the town of Stockbrigde, and called as a witness Joseph L. Chicks, who testified that he was a member of the tribe of Stockbridge Indians, and was present at the election of commissioners under the law of 1843.  He was then asked the following questions successively : whether he was one of the commissioners elected at that time; whether there was afterward in that year a partition of the Stockbridge lands, made under the law of 1843 ; and whether he acted as one of the commissioners under the law of 1843 for the partition of said lands ; but the evidence was ruled out.  He was then shown a paper from the files of the register's office in said county, which purported to be a report of the commissioners for the division of said lands, and testified that the names affixed thereto, including his own, were genuine.   This report purported to show a division of said lands, made pursuant to said act of congress, and gave a list of the several lots made on such division, with the names of the allottees.  He was then asked, successively, whether said paper was " one of the enjoined reports of the commissioners under that law ;" and whether it was deposited in the office of the clerk of Brown county ; but the court ruled out these questions, and refused to receive said paper in evidence.   Defendant then offered the following papers: 1. A letter addressed to him, dated " Department of the Interior, General Land Office, September 4, 1867," and signed " JAS. S. WILSON, Commissioner ;" which stated, in substance, that it had that day been decided in said office that the claim of Henry Moon to lot 124, as a preemptor, was invalid, but that he was entitled to a patent for the five acres occupied by him in the southwest corner of the lot, under the act of March 3, 1865 ; and that a copy of said decision was therewith inclosed. 2. The paper so inclosed, which is in the form of a letter, dated and signed like the preceding, and ad-

dressed to the "Register and Receiver, Menasha, Wis."
It contains the following among other statements: "This
office has had under consideration the case of Thomas
McLean v. Henry Moon as to lot 124, Stockbridge res-
ervation lands, under the act of March 3, 1865.     *     *
As to lot 124, your predecessors allowed Henry Moon,
on the first of September, 1865, to prove up and enter it
for cash certificate No. 26,636, under the third section
of the act of March 3, 1865. On the application of
Thomas McLean, the entry of Moon was suspended,
and a rehearing ordered, which was held January 16,
1866.     *     * From the proof submitted at the several
hearings held since the date of Moon's entry, it is shown
that he was not an actual resident on lot 124 on the 3d
of March, 1865, nor at any time subsequently, nor for
several years previous.     *     * His claim as a pre-
emptor to lot 124 is therefore rejected, and the entry of
said lot for certificate No. 26,636 should be canceled.
*     * You will notify the parties in interest of the de-
cision, and allow thirty days from notice thereof, for an
appeal. If an appeal be taken, pursue the course usual
in such cases. If none be taken, report the fact to this
office, that the proper action may be taken as to cancel-
lation of Moon's entry of lot 124, cash certificate No.
26,636, and the issue of a patent to him for the five
acres," etc., etc. This evidence was all ruled out; the
jury, under the direction of the court, found for the
plaintiff; and defendant appealed from the judgment.

Gillet & Pier, for appellant. [No brief.]

Edward S. Bragg, for respondent, cited 5 U. S. Stat-
utes at Large, p. 648, § 3; R. S., ch. 137, § 71; U. S.
v. Percheman, 7 Pet. 83; Wickliff v. Hill, 3 Litt. 330;
1 Greenl. Ev. §§ 91, 479–498.

COLE, J. This cause has been submitted on the part
of the defendant without any argument or briefs. We
are therefore in the dark as to what rulings he relies on
to reverse the judgment. A number of questions were

asked the witness Chicks, who was sworn for the defendant on the trial, as to whether he was one of the commissioners elected under the act of congress (5 U. S. Stat. at Large, ch. 101, p. 645) to make partition of the lands therein named among the individual members of the tribe ; and whether he acted as such commissioner. These questions were objected to, and ruled out. The act of congress provides how the commissioners should be elected, and how the evidence of their election should be preserved. (§ 3.) The certificate made by the officer was made a matter of record, and a certified copy thereof was the proper evidence.

The same remark applies to the communication of the commissioner of the general land office, dated September 4, 1867, and addressed to the register and receiver at Menasha, Wisconsin. The object of introducing this communication, doubtless, was to show that the entry and receiver's certificate of lot No. 124, issued to Moon September 1, 1865, had been canceled by the land department at Washington. But this communication was not authenticated, as it should have been, to render it admissible in evidence. Sec. 104, ch. 137, R. S. And we know of no law which makes the letter of the commissioner of the same date, addressed to the defendant, admissible. If there is any, the attorney for the defendant should have furnished a reference to it.

As we have not been able to discover any error in the rulings of the court below, excluding testimony, the judgment must be affirmed.

*By the Court.*— Judgment affirmed.