Cornelius vs. Kessel.

Cornelius vs. Kessel.

*November 3 — November 22, 1881.*

EVIDENCE: U. S. LAND OFFICE. *(1, 2) Orders of general land office: mode of proof. (3) Legal effect of cash sales, patents, and orders of cancellation and reinstatement.*

1. The best evidence that an entry of land at a district land office, which had been cancelled upon the records of the general land office, was afterwards reinstated upon those records, is an authenticated copy of the original order of reinstatement made by the commissioner of said general land office; and it was error in this case to admit in evidence a certificate of the register of the district office stating that said entry had been reinstated upon the records of his office in accordance with instructions contained in a letter from the Department of the Interior of which a copy (uncertified) accompanied such certificate.
2. The original of said letter from the Department of the Interior would not be admissible in evidence unless duly authenticated *(Bovee v. McLane,* 24 Wis., 225); still less an uncertified copy of it.

3. Whether a copy of the original order, filed in the district land office, would become a record which might be certified under sec. 4151, R. S.; and whether a reinstatement of an earlier entry, made after the issue of a patent upon a later entry, would be valid in any case; and whether, after land has once been sold by the United States, and the purchase money paid, a subsequent sale and grant of the same land by the United States to another person, is not absolutely null — not decided.

APPEAL from the Circuit Court for *Sheboygan* County.

Ejectment, for a quarter-quarter section of land. The complaint was in the usual form. The answer, after admitting defendant's possession, (1) denied generally the other averments of the complaint; (2) alleged defendant's entry and possession for ten years under a claim of exclusive title founded on a written instrument as a conveyance of the land; and (3) alleged, by way of counterclaim, certain facts as to the entry of the land by one Davidson in 1856, upon full payment; the issue and recording of the receiver's receipt; subsequent conveyances and probate proceedings by which Davidson's interest passed to the defendant and her children; continuous possession and assertion of title by Davidson and his assigns from the time of entry, with the making of valuable improvements by them; a subsequent attempted cancellation of the Davidson certificate by the general land office, upon erroneous grounds and without notice or return of the purchase money; a subsequent reinstatement of the Davidson certificate by order of the commissioner of the general land office, upon discovery of the error; and also the facts as to the entry of the land by one Puffer in 1876, and the issue of a patent thereon, through which plaintiff claims title, and the subsequent cancellation of such entry. It was further alleged that the issue of this patent was procured fraudulently, with full knowledge of defendant's rights. Upon these facts the answer asks for a decree establishing defendant's rights in the land. There was a reply in denial of the counterclaim.

After a jury had been impanelled, defendant demanded a separate trial by the court of her counterclaim; and, after

plaintiff had introduced his evidence of title under the Puffer entry and patent, the defendant introduced evidence in support of her counterclaim, the court overruling plaintiff's objection taken thereto for want of jurisdiction and defect of parties and insufficiency of the facts alleged to constitute a cause of action. The facts found by the court upon the issue raised by the counterclaim and reply are sufficiently stated in the opinion. As conclusions of law it was held, 1. That the entry by Davidson, and certificate thereof, vested in him and his assigns an interest in said land, and the right to a patent. 2. That the attempted cancellation of such entry, founded on mistake, was void, and such interest was not thereby divested, and the Puffer entry and patent conveyed no valid title. 3. That the Davidson entry was properly reinstated on discovery of the former error of the land office. 4. That defendant's testator became vested with the interest which passed by the Davidson entry, and entitled to the possession; and the defendant was vested therewith for her life. 5. That defendant was entitled to judgment accordingly. Thereupon the jury, by direction of the court, rendered a verdict for the defendant. From a judgment in favor of the defendant, the plaintiff appealed.

*Conrad Krez*, for the appellant, contended, 1. That plaintiff was entitled to a verdict on the issue as to his *legal* title. The trial of the legal and equitable issues, by the jury and the court respectively, must be separate and distinct; and both issues must be determined before judgment. *DuPont v. Davis*, 35 Wis., 631; *Harrison v. Juneau Bank*, 17 id., 340; *Hegar v. C. & N. W. Railway Co.*, 26 id., 624. The plaintiff's evidence showed *prima facie* a good title in him; and there was no counter evidence introduced by the defendant on the legal issue, but only under the equitable counterclaim. 2. That the court erred in admitting any evidence under the counterclaim. (1) It does not state facts sufficient to constitute a cause of action against the plaintiff. It shows the

cancellation of the Davidson entry by the general land office. By that cancellation the invalidity of the entry is *res adjudicata*. *Abbott v. Bahr*, 3 Pin., 193; *McLane v. Bovee*, 35 Wis., 27. The reinstatement of the Davidson entry after the issuing of the patent was absolutely void. With the issuing of the patent the jurisdiction of the land department terminates. *U. S. v. Schurz*, 12 Otto, 378. (2) Because the court had no jurisdiction of the subject matter of the counterclaim. An equitable action as a defense in an action of ejectment is contrary to the course of the common law secured to the inhabitants of Wisconsin by art. II of the ordinance of 1787. By art. IV of the same ordinance, also, interference with the primary disposal of the soil by the United States is forever prohibited to the legislature, and consequently to all authorities deriving their power from it. 3. That it was error to admit in evidence the register's certificate of the reinstatement of the Davidson entry, because it was not the best evidence, as well as because such reinstatement after the issue of a patent was void.

*Wm. H. Seaman*, for the respondent, contended, in substance, 1. That defendant was entitled to show under her general denial, as well as under her third defense, anything which would defeat plaintiff's title. *Mather v. Hutchinson*, 25 Wis., 27; *Lain v. Shepardson*, 23 id., 224; *Kent v. Agard*, 24 id., 378; *Lombard v. Cowham*, 34 id., 486. 2. That where there are both legal and equitable issues, the latter are for the court, and are proper to be first decided. *Harrison v. Bank*, 17 Wis., 340; *DuPont v. Davis*, 35 id., 631. The findings sustaining the counterclaim show that this course was adopted. Perhaps it was not then necessary to have a verdict also; but, if the judgment was plainly right upon the whole case, the plaintiff was not injuriously affected by the action of the court in directing a verdict. 3. That the judgment was correct. (1) Defendant proved a cash entry by Davidson in 1856, producing the receiver's receipt, which was presumptive evidence

of title (R. S., sec. 4165), and also showed continuous posses-
sion and improvements thereunder. This evidence showed
*prima facie* a *vested* right in Davidson and those claiming
under him, anterior to the Puffer entry. This Davidson entry
could not be defeated for any cause except inability of the gov-
ernment to convey any title. There, could be no such claim
here, because plaintiff asserts title from the same source. The
defendant, as Davidson's assignee, was entitled to and held all
title which could be conveyed by the government. (2) The
land department can cancel only *for cause;* and unless justi-
fiable cause is shown, the attempt to cancel goes for naught,
and the purchase stands. *Brill v. Stiles*, 35 Ill., 305, and
other cases noted in Lewis's L. C. on Land Laws, 217; *Aldrich
v. Aldrich*, 37 Ill., 32. " Cancellation of the entry by the
commissioner was not evidence that the first entry was illegal,
but that should have been shown by other and legitimate evi-
dence. And, until proved to be void, it was binding upon the
government and its subsequent grantees." *Brill v. Stiles*,
*supra*. This view is recognized in *McLane v. Bovee*, 35
Wis., 27, and by numerous decisions in the United States
courts. (3) The view just stated applies with peculiar force
to Davidson's cash entry, which was liable to defeat only by
prior grant. " It is well settled that when lands have once
been sold by the United States, and the purchase money paid,
the lands sold are segregated from the public domain, and are
no longer subject to entry. A subsequent sale and grant of
the same lands to another person would be absolutely null
and void so long as the first sale continued in force. *Wirth
v. Branson*, 98 U. S.,118; *Frisbie v. Whitney*, 9 Wall., 187;
*Lytle v. Arkansas*, 9 How., 314. Where the right to a patent
has once become vested in a purchaser of public lands, it is
equivalent, so far as the government is concerned, to a patent
actually issued. The execution and delivery of the patent,
after the right to it has become complete, are the mere minis-
terial acts of the officers charged with that duty. *Barney v.*

*Dolph*, 97 U. S., 652; *Stark v. Starrs*, 6 Wall., 402. . . . After the certificate issued, the lands were no longer in law a part of the public domain, and the authority of the officers of the government to grant them otherwise than to him [the person named in the certificate], or some person holding his rights, was gone." *Simmons v. Wagner*, 101 U. S., 260, per WAITE, C. J. See also *Sherman v. Buick*, 3 Otto, 209; *Atherton v. Fowler*, 6 id., 513; *Reichart v. Felps*, 6 Wall., 160; *Hughes v. U. S.*, 4 id., 232. (4) The law being as above stated, defendant's title to the land is complete upon the evidence, without reference to the cancellation and reinstatement of the Davidson entry. (5) Defendant's right to have her equities adjudged on the equity side of the court is well settled by the authorities, state and national, above cited.

COLE, C. J. In this case the United States is the common source of title oñ both sides. The plaintiff claims title under the Puffer entry, which was made December 6, 1876, and also under the patent which was subsequently issued to Puffer, dated June 4, 1877. The defendant claims under the Davidson entry, which was made January 29, 1856. This was a cash entry of two tracts of land. By way of counterclaim it is alleged in the answer that there has been a continuous and uninterrupted assertion of title by the defendant, and by those under whom she claims, through this original Davidson entry, and a continuous and uninterrupted possession of the tract in dispute since such entry, under which valuable improvements have been made. The answer then further states that the cash entry of Davidson on the 24th day of October, 1857, by an order of the general land office, improperly and erroneously made, was cancelled for the alleged reason or cause only that the entry was improper as to one tract, which was included in a prior grant to the state of Wisconsin, and was not subject to entry, while no question was made as to the tract in controversy. It further alleges that this order of

cancellation was made without previous notice of any kind to Davidson, or to any party in interest under such entry; that no notice or information of the order was ever given or came to the knowledge of any party in interest prior to the time the patent was recorded, July 21, 1877; and that the purchase money paid by Davidson has never been repaid, or offered to be returned. The answer then states the facts about the Puffer entry; alleges that, upon notice of these facts and of the rights and equities of the defendant, the commissioner of the general land office, by an order, cancelled the Puffer entry and the patent issued thereon, and reinstated the Davidson entry in full force.

On the trial, the plaintiff introduced in evidence the patent to Puffer, a certificate of the register of the United States land office at Menasha of Puffer's entry, and *mesne* conveyances to him, and rested. Thereupon the defendant went into her case, and gave in evidence, among other things, against the plaintiff's objection, the record of the receiver's receipt of the entry of the two tracts by Davidson, January 29, 1856; also Exhibit K, which was the register's certificate in due form, to the effect that Puffer entered the tract in dispute on the 5th of December, 1876, and that the same was patented to him June 4, 1877. The same certificate stated that the Davidson entry of this tract, made on the 29th of January, 1856, was cancelled on the records of the office by the commissioner of the general land office on the 24th of October, 1857, for the reason that such entry was in conflict with the state land grant. The defendant then gave in evidence Exhibit L, which is a certificate of the register of the Menasha land office, dated October 20, 1879, stating in substance, that the cash entry of Davidson "has been reinstated upon our records, upon that part of said entry in section 13, in accordance with instructions contained in the accompanying copy of letter from the department of the interior, dated June 3, 1879." This certificate was objected to by the plaintiff as immaterial and not

the best evidence, and because it shows an act of the land department subsequent· to the patent to Puffer. The objection was overruled, and the certificate was admitted in evidence, and is relied upon to establish the fact that the Davidson entry had been reinstated. It is very clear that it was insufficient to prove that fact. Certainly the best evidence of the fact of the reinstatement of that entry is an authenticated copy of the original order reinstating it, which was made by the commissioner of the land office. *McLane v. Bovee*, 35 Wis., 27; *Ansley v. Peterson*, 30 Wis., 653.

It may be, if a copy of that order has been filed or deposited in the Menasha land office, it would become a record which might be certified to under section 4151, R. S. Upon that point, however, we express no opinion. It is sufficient to say that the certificate does not purport to be a certificate by the officer to a true copy or a transcript of any order on file with him or in his custody reinstating the Davidson entry. The officer merely certifies that the cash entry of Davidson has been reinstated upon the records of his office, in accordance with the instructions contained in the accompanying copy of a letter from the department of the interior. Not even a certified copy of that letter is given. The original letter, even, would not be admissible in evidence unless authenticated in a proper manner. *Bovee v. McLane*, 24 Wis., 225. From the statement already made it will be seen that the defendant had alleged and proven that the Davidson entry had been cancelled. True, she avers it was erroneously and improperly cancelled as to this tract. But, having shown that it was cancelled, and relying upon the action of the commissioner of the general land office reinstating it, manifestly it was incumbent upon her to establish the fact that it had been reinstated, by competent testimony. The certificate which was offered in evidence for that purpose did not prove that the entry had been reinstated, and should have been excluded from the consideration of the jury.

It is insisted by the learned counsel for the plaintiff, that even if it were established by satisfactory and competent proof that the Davidson entry was reinstated as claimed, still, if this was done subsequent to the issuing of the patent, the action of the commissioner in the matter would be null and void; for he says, when the patent was issued and delivered to Puffer, or one claiming under him, then all right to control the title or to decide on the rights of conflicting claimants of the land passed from the jurisdiction of the general land office. Whether that position is sound or not we shall not attempt to decide until proper proof is made of the reinstatement of the entry.

The answer of the defendant certainly shows strong equities to the land. She claims under a cash entry made in 1856, under which possession was taken and improvements made. The plaintiff claims under a homestead entry made in 1876, when, as we were informed on the argument, no money was paid. The first entry was set aside because it was in conflict with a prior state land grant; still the United States retains the purchase money, and subsequently conveys the land to another party. Now, under these circumstances, the law may be as contended for by defendant's counsel, namely, "that when lands have once been sold by the United States, and the purchase money paid, the lands sold are segregated from the public domain and are no longer subject to entry. A subsequent sale and grant of the same lands to another person would be absolutely null and void." This is the language of the distinguished chief justice in *Simmons v. Wagner*, 101 U. S., 260. Whether it is applicable to a case like the one at bar, so as to justify a court in saying that the defendant's equities should prevail over the title conveyed by the patent, are questions which we shall not attempt to decide now. The judgment must be reversed on account of the error in admitting the certificate above referred to.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.