[No. 9809. Department One. — June 25, 1885.]

LIZZIE BUXTON et al., Appellants, v. HATTIE TRAVER et al., Respondents.

PUBLIC LANDS — OCCUPANT OF UNSURVEYED — PRE-EMPTION — DEATH OF OCCUPANT — RIGHT OF HEIRS. — A mere occupant of unsurveyed public lands of the United States, who has taken none of the steps required by law for its pre-emption, has a mere privilege of pre-emption. Such a privilege is not an estate legal or equitable in the land, and upon the death of the occupant it does not descend to his heirs, nor clothe them with an equitable right to control the patent to the land subsequently issued by the United States upon an entry made by another.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*John H. Dickinson*, for Appellants.

*Curtis & Otis*, for Respondents.

McKee, J.—Appeal from a judgment of dismissal entered on sustaining a general demurrer to the complaint.

The complaint shows, that the plaintiffs are daughters and the defendant Hattie Traver the widow of Oscar Traver, deceased; that Oscar Traver died in the year 1877 in possession of the tract of land described in the complaint, leaving surviving him the said widow and two daughters as his sole heirs-at-law; that after his death, the widow continued to reside on the land, and in November, 1879, she made a homestead entry upon it, and on the 10th of November, 1879, obtained for it a patent from the United States. This patent the plaintiffs claim inures to the benefit of the heirs-at-law of the deceased; and the object of the suit in hand is to have the widow as the recipient of the United States patent declared their trustee of an undivided one-half interest in the land, and of the rents, issues, and profits of the same.

They base this claim upon section 2269 of the United States Revised Statutes, which is as follows:—

"Where a party entitled to claim the benefits of the pre-emption law dies before consummating his claim, by filing in due time all the papers essential to the establishment of the same, it shall be competent for the executor or administrator of the estate of such party, or one of the heirs, to file the necessary papers to complete the same; but the entry in such cases shall be made in favor of the heirs of the deceased pre-emptor, and a patent thereon shall cause the title to inure to such heirs, as if their names had been specially mentioned."

Of the validity of this statute there is no question. (*Elliott* v. *Figg*, 59 Cal. 117.) But it has no reference to an entry made under the homestead laws of the United States; it refers only to an entry made in consummation of a claim of right to land, asserted under the pre-emption laws of the United States, by a pre-emptor, who dies before completing his claim, by filing the requisite papers. In such a case, the statute extends the right, after the death of the pre-emptor, to his executor or administrator, or any of his heirs-at-law, to complete the claim initiated by him, by filing the papers necessary for the purpose, and to enter the land for the benefit of all the heirs. But the complaint contains no case under the statute. Its statement of

facts shows: That the land patented to the defendant Hattie was, in the year 1870, part of the unsurveyed public land of the United States open to pre-emption; that Oscar Traver settled upon it that year with the intention of acquiring title thereto from the United States as soon as he could; that he was a duly qualified pre-emptor, and in that capacity, resided on the land with his family, consisting of the plaintiffs and the defendant Hattie, until his death in 1877; that he died without leaving a last will, and there was no administration of his estate; and it appears that neither the widow nor the plaintiffs, nor either of them, after his death suggested or presented any claim initiated by him, or filed any papers for the purpose of completing such a claim if it existed, or took any steps for the entry of the land under the pre-emption laws for the benefit of the heirs. It is alleged, however, that the widow continued to occupy the land after his death, and it is charged that it was her duty to complete the pre-emption of the deceased, and enter the land for the benefit of the heirs. That she did not perform that duty, but instead fraudulently communicated to the plaintiffs as fact that their father died without leaving any property, and thus prevented them from establishing their father's claim by the requisite proof, and then entered the land in her own name and for her own behoof.

There is no averment in the complaint that the fact communicated to the plaintiffs was not true; and it is admitted that the approved plat of the township, on which the land is situated, was not filed until the 1st of July, 1879, more than two years after the death of Oscar Traver. At the time of his death Traver was, therefore, a mere occupant of the land, as a portion of the unsurveyed public land of the United States, for the pre-emption of which he had taken no steps required by the pre-emption law. In that position he had a mere privilege of pre-emption. But such a privilege is not a title legal or equitable; it is only a proffer to a certain class of persons that they may become purchasers if they will, but without payment, or an offer to pay, it confers no equity; a right is conferred by it only when the party has accepted the offer, by claiming the benefit of the statute in the proper manner and within the required time, or by payment. (*Grand Gulf R. R. Co.* v.

*Bryan*, 8 Smedes & M. 268; *Hutton* v. *Frisbie*, 37 Cal. 475; *Frisbie* v. *Whitney*, 9 Wall. 187; *The Yosemite Valley Case*, 15 Wall. 77.) Until there is an offer to do what the pre-emption laws require to be done to initiate and prosecute a pre-emption right, there is no existing claim of the settler to pre-empt, which can be completed after his death by his heirs or his administrator; and as no such claim was initiated and prosecuted by him in his lifetime, he acquired no proprietary interest in the land, which upon his death would descend to his heirs, and clothe them with an equitable right to control the patent to the land subsequently issued by the United States upon an entry made by another.

As, therefore, the original settler died without making any claim to the benefits of the pre-emption laws, which could be perfected by his heirs, and as no equitable right in the land descended to the heirs, the patent issued to the defendant Hattie, upon her entry under the homestead laws, is not subject to a trust in favor of the plaintiffs (*Jarvis* v. *Hoffman*, 43 Cal. 314), and the court did not err in sustaining the demurrer, and entering judgment for defendants. . . .

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.