COOPER v. WILDER.*

No. 19,566; July 9, 1895.

41 Pac. 26.

Public Lands—Timber Culture—Death of Entryman.—20 Stat. 113, relating to patents to timber culture claims, provides that no final certificate or patent shall be issued unless, at the expiration of eight years from the date of entry, the person making such entry, or, if he be dead, his heirs or representatives, shall prove that for not less than eight years they have cultivated such trees as aforesaid. Held, that one who died within two years after entry had an equitable interest in the land, capable of devise, and the title, when perfected, inured to him in whom the equitable title vested at the date of the issue of the patent.

*For subsequent opinion in bank, see 111 Cal. 191, 52 Am. St. Rep. 163, 43 Pac. 591.

Public Land—Death of Entryman.—Where a Land Patent is Issued to the heirs of a person who made the entry, the courts should decide to whose benefit it should inure.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action to quiet title by Charles Edward Cooper, by guardian, against H. G. Wilder. Defendant had judgment, and plaintiff appeals. Affirmed.

W. H. C. Ecker and Haines & Ward for appellant; James E. Wadham and F. W. Stearns for respondent.

SEARLS, C.—This is an action to quiet the title of the infant plaintiff to a forty acre tract of land, described as the NW. ¼ of the NW. ¼ of section 12, in township No. 14 S., of range No. 2 W., San Bernardino M., situate in the county of San Diego, state of California. The cause was tried by the court without a jury, and judgment entered in favor of defendant, from which judgment, and from an order denying his motion for a new trial, plaintiff appeals.

There is no material conflict in the evidence. The tract of land in question was duly entered as a timber culture claim, under the laws of the United States (it being public land of the United States), in November, 1879, by David Cooper, who occupied the same until his death, which occurred in 1881. By his last will he bequeathed and devised all his property, real, personal, and mixed, to his wife, Narcissa T. Cooper, to the exclusion of his son, Charles Edward Cooper, the plaintiff and appellant herein. Administration was had upon the estate of said David Cooper, and the property, including the land here in dispute, was regularly distributed to the widow and devisee, Narcissa T. Cooper. In 1892 a patent issued to the land in question, which recites, among other things, that the claim of the heirs of David Cooper, deceased, has been established and duly consummated in conformity to law, etc., and then proceeds to grant the land as follows: "Now, know ye that there is, therefore, granted by the United States unto the said heirs of David Cooper, deceased, the tract of land above described, to have and to hold the said tract of land, with the appurtenances thereof, unto the said heirs of David Cooper, deceased, and to their heirs and assigns forever."

In October, 1891, Narcissa T. Cooper (having previously intermarried with one Dodson) executed a mortgage on the land to H. G. Wilder, the defendant, who subsequently foreclosed, purchased the property at a sale, and, no redemption being made, received a sheriff's deed therefor in due time, and holds the title which Narcissa T. Dodson had or could convey therein.

Objection was made at the trial to the introduction in evidence of the probate proceedings upon the will and estate of David Cooper, upon the ground that such proceedings were wholly irrelevant and immaterial to the question of the title to said land, or to any title therein or thereto, of Narcissa T. Dodson, as grantor of defendant. The branch of the case which turns upon this exception is this: Had David Cooper an estate in the land at the time of his death which he could devise by last will to his wife, the grantor of defendant? The solution of the question depends upon the construction to be given to the timber culture act, as amended June 14, 1878: 20 Stat. 113. The clause directly involved is contained in the latter portion of section 2, which is as follows: "And provided further that no final certificate shall be given or patent issued for the land so entered until the expiration of eight years from the date of such entry; and if at the expiration of such time, or at any time within five years thereafter, the person making such entry, or if he or she be dead, his or her heirs or legal representatives, shall prove by two credible witnesses that he or she or they have planted, and for not less than eight years have cultivated and protected such quantity and character of trees as aforesaid, . . . . they shall receive a patent for such tract of land." The contention of appellant is: (1) That David Cooper, having died within two years after making his entry, could not have complied with the law which required him to "have planted, and for not less than eight years have cultivated and protected, such quantity and character of trees" as was required by the statute as a condition precedent to his receiving a patent to the land; (2) that the recitals in the patent and the granting clause thereof show that it was "the claim of the heirs of David Cooper, deceased," that was established, etc., according to law, and that it was "unto the said heirs of David Cooper, deceased," etc., that the grant was made.

We do not attach much importance to the fact that the patent issued to the "heirs of David Cooper." It was held at a comparatively early day that where a patent was issued to a man's "legal representatives," or to his "heirs," it was the intention of the land department to leave the question open to inquiry in the proper court as to the party to whom the patent should inure. The land department is not usually in a position to inquire into and settle the rights and equities of claimants under the patent, and cannot properly adjust such rights: Hogan v. Page, 2 Wall. 605, 17 L. Ed. 854; Weeks v. Railroad Co., 78 Wis. 501, 47 N. W. 737; Meader v. Norton, 11 Wall. 442, 20 L. Ed. 184; Simmons v. Wagner, 101 U. S. 260, 25 L. Ed. 910; Cornelius v. Kessel, 53 Wis. 395, 10 N. W. 520, and affirmed by the supreme court of the United States in 128 U. S. 456, 32 L. Ed. 482, 9 Sup. Ct. Rep. 122. It may be stated as a general proposition that the patent inures to the benefit of him who has the title, though it issued to another: Urket v. Coryell, 5 Watts & S. (Pa.) 60. These cases only go to the rights of those who have title, legal or equitable, to land patented to others, and do not solve the very question in issue, viz., Did David Cooper have such a title as he could devise? Appellant likens the case of one in under a timber culture claim to that of a pre-emptioner, who is universally held to have, as against the United States, no title or right which may not be abrogated by the government at any time before final entry and payment: Hutton v. Frisbie, 37 Cal. 475; Hemphill v. Davis, 38 Cal. 577; Montgomery v. Whiting, 40 Cal. 298; Kenyon v. Quinn, 41 Cal. 325; Rutledge v. Murphy, 51 Cal. 388; Buxton v. Traver, 67 Cal. 171, 7 Pac. 450; Frisbie v. Whitney, 9 Wall. 187, 19 L. Ed. 668; The Yosemite Valley Case, 15 Wall. 77, 21 L. Ed. 82. When a pre-emptor who has filed his declaratory statement dies before making his final entry and making payment, he has no title which can descend to his heirs, except that the pre-emption law provides that in such cases his executor or administrator, or one of his heirs, may complete the pre-emption, "but the entry in such cases shall be made in favor of the heirs of the deceased pre-emptor, and a patent thereon shall cause the title to inure to such heirs, as if their names had been specially mentioned": U. S. Rev. Stats., sec. 2269; Elliott v. Figg, 59 Cal. 117. In the case last cited it was said: "Were it not for this provision, the pre-emption claim would not sur-

vive the pre-emptor. By this provision it survives only for the benefit of his heirs.'' It is not subject to the claims of his creditors, and the heirs take the title as purchasers from the government, and not by inheritance: Rogers v. Clemmans, 26 Kan. 522. So, too, under the Oregon donation act, the same principle has been asserted: Hall v. Russell, 101 U. S. 503, 25 L. Ed. 829. In this last case the court, speaking of the heirs, said: ''Their title to the land was to come, not from their deceased ancestors, but from the United States. The title, it is true, was granted to them by reason of the possessory rights of their ancestor, but these were rights which he could not transfer, and which passed to them under the statute without any act of his. On his death his heirs became qualified grantees.'' And again: ''It follows from this that Loring, at the time of his death, had no devisable estate in the land, and that the heirs of his devisees cannot maintain this suit.''

This much has been said in reference to pre-emptors and claimants under the Oregon donation act for the reason that appellant, on the one hand, holds that like considerations apply to claimants under the homestead and timber culture acts, while the respondent's claim is that there is a clear line of demarcation between the latter and the former; that homestead and timber culture claimants occupy, from the inception of their claims, such contractual relations to the government as gives to them an equitable right to the lands they occupy as such claimants, subject to be defeated only by a failure to perform the conditions subsequent prescribed by the statutes. There seems a substantial basis for this distinction in the adjudged cases. In Red River etc. R. Co. v. Sture, 32 Minn. 95, 20 N. W. 229, the court, speaking through Mitchell, J., said: ''We are aware that it has been authoritatively decided in Frisbie v. Whitney, 9 Wall. 187, 19 L. Ed. 668, and the Yosemite Valley Case, 15 Wall. 77, 21 L. Ed. 82, that occupation and improvement on public lands with a view to pre-emption do not confer any vested right in the land as against the United States; that this is only obtained when the purchase money has been paid, and the receipt of the land office given to the purchaser. This is put upon the ground that until such time the proposed pre-emptor has merely a right to be preferred in the purchase over others, provided a sale is

made by the United States. But a homesteader after entry occupies an entirely different position. He has in effect purchased. His entry, which is made by making and filing an affidavit, and paying the sum required by law, is a contract of purchase, which gives him an inchoate title to the land, which is property. This is a substantial and vested right, which can only be defeated by his failure to perform the conditions annexed. It is true, no certificate or patent can be issued until the expiration of five years from the date of entry, the United States retaining the legal title to insure the performance of these conditions. But the vested right of the settler attaches to the land at the time of his entry, and is liable to be defeated only by his own failure to comply with the requirements of the law. . . . . Until forfeited by his own failure to perform the conditions of his purchase, this right of property acquired by his entry must prevail, not only against individuals, but against the government itself.'' In Carner v. Railroad Co., 43 Minn. 375, 45 N. W. 713, which was an action by a claimant under the timber culture act, the court, in referring to what had been said in the Red River v. Sture Case, supra, added: ''The rights under the homestead acts, though differently acquired, are no greater than those under the timber culture act. . . . . His rights are analogous to those of one in under a contract to purchase.'' In Sturr v. Beck, 133 U. S. 541, 33 L. Ed. 761, 10 Sup. Ct. Rep. 350, Fuller, C. J., in discussing the rights of a homestead claimant, quotes with apparent approval the opinion of Attorney General MacVeagh, in an opinion to the Secretary of War, July 15, 1881, in which the learned attorney general held in substance the same as in the case of Railroad Co. v. Sutre, supra: See, also, Hastings & D. R. Co. v. Whitney, 132 U. S. 357, 366, 33 L. Ed. 363, 10 Sup. Ct. Rep. 112; United States v. Ball, 31 Fed. 667, 12 Saw. 514; United States v. Turner, 54 Fed. 228. The consensus of these opinions is to the effect that the homestead entry operates as an appropriation and reservation of the lands embraced within the same, segregates the tract from the public domain, and vests in the claimant an equitable interest therein which is good as against all the world, the government included, until forfeited by failure to perform the conditions of the act of Congress.

The similarity of the provisions of the timber culture act places claimants thereunder in the same category with home-

steads; and, while the comparatively recent period of its adoption prevents the existence of but a limited number of cases thereunder, it is not doubted but that the rule as to an equitable interest in lands taken thereunder should be held the same as in cases of homestead. And as the act of Congress of June 14, 1878 (20 Stat. 113), which provides for the issue of patents to the applicant, or, in case of his death, to his representatives or heirs, does not declare to whom the title shall inure, such title, when perfected, inures to him in whom the equitable title vested at the date of the issue of the patent. The equitable interest which David Cooper had in the homestead he could pass by devise: 1 Pom. Eq. Jur., sec. 105.

It follows that the evidence as to the probate of the last will of David Cooper, the probate proceedings, including the decree of distribution of the land in question to defendant's grantor as the devisee of said David Cooper, as well as the evidence of the mortgage by the widow of said Cooper, the foreclosure and sale thereunder, etc., was properly admitted; and the judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.