## UNITED STATES et al. v. STEVENS et al.

Circuit Court of Appeals, Seventh Circuit.
March 19, 1929.

No. 4010.

Harold E. Hanson, of Stoughton, Wis., for appellants.

Wm. R. McCaul, of Tomah, Wis., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This suit is to cancel certificates issued by the treasurer of Monroe county, Wisconsin, to appellees, Stevens and McCaul, on tax sales of the real estate of the individual appellant, Gertie Mokey.

Gertie Mokey's father, Big Eagle, an American Indian of the Winnebago Tribe, was an allottee of government lands in Nebraska under the General Allotment Act of February 8, 1887 (24 U. S. Stats. at L. p. 388). He died in 1892. The Nebraska land, inherited by Gertie Mokey, was, with consent of the government, sold by her on May 21, 1920, for $14,000, which sum was withheld by the government as a trust fund. The Wisconsin land was bought by her in 1921 for $10,000, which was paid out of the proceeds of the Nebraska land.

The deed to Gertie Mokey contained the following: "Subject to the condition that, while title is in the grantee or heirs, the property herein described shall not be alienated or incumbered without the consent of the Secretary of the Interior." Her parents were both full-blood Indians, members of the Winnebago Tribe. She and her husband, before the purchase of the land in Wisconsin, adopted the manners and customs of the white people, and have not since lived under tribal jurisdiction.

Appellants' claim is that the transactions touching the sale of the Nebraska land, the withholding of the sale price by the government, the purchase of the Wisconsin land, and the insertion of the clause, supra, in the deed to Gertie Mokey were all done under authority of the following paragraph in the Act of March 1, 1907 (34 U. S. Stats. at L. pp. 1015, 1018; section 405, title 25 USCA):

"That any noncompetent Indian to whom a patent containing restrictions against alienation has been issued for an allotment of land in severalty, under any law or treaty, or who may have an interest in any allotment by inheritance, may sell or convey all or any part of such allotment or such inherited interest on such terms and conditions and under such rules and regulations as the Secretary of the Interior may prescribe, and the proceeds derived therefrom shall be used for the benefit of the allottee or heir so disposing of his land or interest under the supervision of the Commissioner of Indian Affairs; and any conveyance made hereunder and approved by the Secretary of the Interior shall convey full title to the land or interest so sold, the same as if fee-simple patent had been issued to the allottee."

Relying thereon, it is urged that, being a "noncompetent Indian," Gertie Mokey had neither the power nor the right to convey the Nebraska land, except subject to such conditions as the Secretary of the Interior might prescribe, and that the Wisconsin land, purchased with part of the proceeds of that sale, properly held in trust by the government, was held under a like trust, and not subject to taxation by the state.

Section 5 of the act of 1887 (24 Stat. 389), providing for issuance to allottees of a restricted patent, also provides that at the end of 25 years an unrestricted patent in fee shall be issued. The record does not show the date of the restricted patent to Big Eagle, but it might have been as early as 1887, and was not later than 1892. There is no claim that any extension of time, if made by the President as authorized by section 5, supra, applied to or affected the right of Big Eagle or Gertie Mokey. Section 2448 of the Revised Statutes (section 1152, title 43 USCA) provides:

"Where patents for public lands have been or may be issued, in pursuance of any law of the United States, to a person who has died before the date of such patent, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assignees of such deceased patentee as if the patent had issued to the deceased person during life."

That section was held to be highly remedial and to apply to allotments to Winnebago Indians. Larkin v. Paugh, 276 U. S. 431, 437, 48 S. Ct. 366, 72 L. Ed. 640. If the restricted patent had issued as late as 1892, for three years before she conveyed the Nebraska land Gertie Mokey was entitled to an unrestricted deed in fee simple thereto. In Simmons v. Wagner, 101 U. S. 260, 261 (25 L. Ed. 910), the court said:

"Where the right to a patent has once become vested in a purchaser of public lands, it is equivalent, so far as the government is concerned, to a patent actually issued. The execution and delivery of the patent after the right to it has become complete are the mere ministerial acts of the officers charged with that duty."

We are of opinion that Gertie Mokey was not, when she conveyed the Nebraska land, nor at any time thereafter, a "noncom-

petent Indian" within the meaning of the statute. But in any event, the judgment should be affirmed on authority of Shaw et al. v. Gibson-Zahniser Oil Corp. et al., 276 U. S. 575, 48 S. Ct. 333, 72 L. Ed. 709.

Judgment affirmed.