THOMASON et al. v. WELLMAN & RHOADES.

(Circuit Court of Appeals, Eighth Circuit. June 30, 1913.)

No. 3,918.

INDIANS (§ 15*)—ALLOTMENT—CONVEYANCE BEFORE ISSUANCE OF CERTIFICATE AND PATENT.

A member of the Chickasaw Tribe having "selected" and designated land as her surplus allotment, by formal application at the land office, as provided by the Choctaw and Chickasaw Supplemental Agreement (Act July 1, 1902, c. 1362, par. 6, 32 Stat. 641), thereby doing all that the law required of her to entitle her to a patent, she then had an equitable interest in the land, which she could at once convey; such conveyance be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

coming entirely valid and effective, on an allotment certificate issuing to her after expiration, without contest, of the nine months within which, under paragraph 71, her right could be contested, and a patent thereafter issuing to her, effective by relation as of the date of her selection.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 17, 29, 34, 37–44; Dec. Dig. § 15.*]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Wellman & Rhoades, a partnership composed of C. L. Wellman and E. S. Rhoades, against W. L. Thomason and others. From a decree for complainants, defendants appeal. Affirmed.

J. E. Dolman, of St. Joseph, Mo., and L. S. Dolman, of Ardmore, Okl., for appellants.

W. I. Gilbert and E. H. Bond, both of Oklahoma City, Okl., for appellees.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

CARLAND, Circuit Judge. This is an appeal from a decree quieting the title to certain real estate in appellees. The case was heard on bill and answer. The real estate in controversy consists of certain lots in Head addition, Duncan, Okl. Both parties claim title from common grantors, namely, Sallie Duncan and William Duncan, her husband. Sallie Duncan is a white woman, intermarried with William Duncan, a member and citizen of the Chickasaw Nation. These grantors conveyed the land by warranty deed to J. G. Miller on September 21, 1904, and by subsequent conveyance the title became vested in the appellees, if the deed from the Duncans is valid. July 13, 1909, Sallie Duncan and William Duncan conveyed the land by quitclaim deed to D. M. Dillingham, through whom the appellant W. I. Thomason claims title. No question is made concerning the proper record of any conveyance. On September 19, 1904, Sallie Duncan, above named, being by virtue of her marriage a member of the Chickasaw Tribe of Indians, and in possession of a tract of land which included within its boundaries the lots in question, duly selected and designated the same as her surplus allotment, and a certificate of allotment, after the expiration of the time in which the right of said allottee could be contested .had expired, was issued to her by the Dawes Commission as of September 19, 1904, as provided by law. On the 2d and 10th days of February, 1906, a patent for the land above mentioned was issued to Sallie Duncan by Green McCurtain, principal chief of the Choctaw Nation, and Douglas H. Johnson, Governor of the Chickasaw Nation, which patent was duly approved by the Secretary of the Interior. It is claimed by the appellants that the selection of the allotment by Sallie Duncan gave her no interest in the land selected which she could convey prior to the issuance and delivery of the allotment certificate. It is not claimed that there existed any restriction which would prevent Sallie Duncan from conveying the land on September 21, 1904, but that she had no interest therein that she could convey. It is admitted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that Sallie Duncan was entitled to select the land which she designated as her surplus allotment, and it must also be conceded that she did all that the law required of her to entitle her to receive a patent for the land. It is also admitted that, if the formal selection and designation of her surplus allotment at the local land office amounted to an allotment, the deed of September 21, 1904, is valid. Mullen v. U. S., 224 U. S. 457, 32 Sup. Ct. 494, 56 L. Ed. 834.

Paragraph 6 of the Choctaw and Chickasaw Supplemental Agreement (32 Stat. 641) reads as follows:

"The word 'selected' and its various modifications, as applied to allotments and homesteads, shall be held to mean the formal application at the land office to be established by the Commission to the Five Civilized Tribes for the Choctaw and Chickasaw Nations for particular tracts of land."

Paragraph 71 of the same agreement reads as follows:

"After the expiration of nine months after the date of the original selection of an allotment, by or for any citizen or freedmen of the Choctaw or Chickasaw Tribes, as provided in this agreement, no contest shall be instituted against such selection."

The allotment certificate was the evidence that a selection had been made, but its issuance did not constitute the selection itself. That was done by the formal selection of the surplus allotment on September 19, 1904, at the local land office. Sallie Duncan did all that the law required of her to entitle her to a patent for the land, and the fact that her formal application was subject to contest during a period of nine months in no way affected her equitable interest in the land selected. She subsequently received the allotment certificate, and later a patent for the land; there having been no contest of her selection. The patent issued to her for the land, by relation, became effective as of the date of her selection, namely, September 19, 1904.

As there was in fact no contest made during the period of nine months allowed by law against the selection of Sallie Duncan, it must be held that by her formal selection on September 19, 1904, her right to a patent for the land became vested, and that she had an equitable interest in the land which she could properly convey to Miller, and having subsequently received a patent for the land her conveyance to Miller became entirely valid. "The execution and delivery of the patent after the right to it is complete are the mere ministerial acts of the officer charged with that duty." "When the right to a patent once became vested in a settler under the law, it was equivalent, so far as the government was concerned, to a patent actually issued." Barney v. Dolph, 97 U. S. 652, 24 L. Ed. 1063; Simmons v. Wagner, 101 U. S. 260, 25 L. Ed. 910; Stark v. Starr, 6 Wall. 402, 18 L. Ed. 925; Ballinger v. Frost, 216 U. S. 240, 30 Sup. Ct. 338, 54 L. Ed. 464; Wallace v. Adams, 143 Fed. 721, 74 C. C. A. 540; s. c., 204 U. S. 415, 27 Sup. Ct. 363, 51 L. Ed. 547.

There was no error in the judgment of the lower court in quieting the title to the land in question in appellees.

The decree is therefore affirmed.