**JONES, Guardian, et al. v. HOWARD et al.**

No. 10777—Opinion Filed Feb. 13, 1923.

(Syllabus.)

**1. Indians—Right of Adult Heirs to Sell Inherited Lands.**

Section 22 of the act of April 26, 1906, expressly provides: "That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection has been made or to whom a deed or patent has been issued for his or her share of the lands of the tribe * * * may sell and convey the lands inherited from such decedent."

**2. Same—Removal of Restrictions by Death.**

Section 9 of the act of May 27, 1908, provides: "That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land."

**3. Same—Alienation by Full-Blood Seminole Heir.**

Section 9 of the act of May 27, 1908, upon compliance with its terms, obviously removes all remaining restrictions upon the right to alienate inherited lands by a full-blood Seminole Indian, regardless of the issuance and delivery of patent.

**4. Same—Validity of Deed.**

Record examined, and held, on the authority of Welch v. Ellis, 63 Okla. 158, 163 Pac. 321, and other cases cited, that the deed

made by the grantor on the 6th day of February, 1909, was a valid conveyance.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action between E. S. Howard and others and George Jones, guardian of Lena and Lizzie Johnson, minors, and others for possession and to quiet title to Indian land. Judgment for the former, and Jones and others bring error. Affirmed.

E. L. Harris, for plaintiffs in error.

Martin L. Frerichs, for defendants in error.

KANE, J. This was an action for possession and to quiet the title to the surplus and homestead allotment of Sammy, a deceased full-blood Seminole Indian.

The defendants in error claim title through a warranty deed made by Coody Johnson, the full-blood heir of Sammy, on the 6th day of February, 1909, at which date the grantor was of full age. This deed, which was supported by an independent consideration, was also given for the purpose of perfecting the title of the grantee, he having previously claimed the land through a chain of conveyances, the first one of which was made by Coody Johnson to David D. Johnson, on the 17th day of July, 1905, while the grantor was a minor.

The trial court held the last deed from Coody Johnson to the grantee therein named, to be a valid conveyance of the land, and rendered judgment accordingly, and it is to reverse this action that this proceeding in error was commenced.

It is contended by counsel for plaintiffs in error that the deed of February 6, 1909, which was approved by the county judge of Seminole county, is invalid for the following reasons: (1) That the patents were not executed and delivered prior to the execution of the deed. (2) The deed was made for the purpose of ratifying a past void or voidable transaction.

In our judgment Coody Johnson's capacity to alienate his inherited lands was not affected by the fact that the patents were not executed and delivered to these lands prior to the execution of the deed made in 1909.

The Circuit Court of Appeals for the Eighth Circuit had a similar question before them for consideration in the case of Barnett v. Kunkell, 259 Fed. 399, where it was held:

"Section 22 of the act of April 25, 1906, expressly provides: 'That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection has been

made or to whom a deed or patent has been issued for his or her share of the lands of the tribe * * * may sell and convey the lands inherited from such decedent.'

"Section 9 of the act of May 27, 1908, provides: 'That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land.'

"It has been the uniform holding [of the court] that an allottee may convey the equitable title under a certificate of allotment * * * if the lands are not otherwise subject to a restraint against alienation. Thomason v. Welman, 206 Fed. 895, 124 C. C. A. 555; Mullin v. United States, 224 U. S. 448, 32 Sup. Ct. 494, 56 L. Ed. 834; Goat v. United States, 224 U. S. 458, 32 Sup. Ct. 544, 56 L. Ed. 841; Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 Sup. Ct. 99, 62 L. Ed. 309."

This court has held in Stout v. Simpson, 34 Okla. 136, 124 Pac. 757, in commenting on said section 9, that "This provision, upon compliance with its terms, obviously removed all remaining restrictions upon the right to alienate inherited lands by a full-blood Seminole Indian, regardless of the issuance and delivery of patent."

It is not disputed that Coody Johnson received full value for his lands or that he received an additional consideration, at the time of making the last deed or that the same was made in good faith for the purpose of giving the grantee a marketable title to the land. Deeds made in similar circumstances have been held to be valid in the following cases: Welch v. Ellis, 63 Okla. 158, 163 Pac. 321; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Chupco et al. v. Chapman et al., 76 Okla. 201, 170 Pac. 259.

Upon the authority of these cases, we hold that the second contention of counsel is not well taken.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.