VAN SICE v. IBEX MINING CO.

(Circuit Court of Appeals, Eighth Circuit.   October 15, 1909.)

No. 2,894.

1. MINES AND MINERALS (§ 23*)—ACQUISITION OF MINING CLAIMS—FORFEITURE OF INTEREST FOR FAILURE TO CONTRIBUTE TO ASSESSMENT WORK.

   The provision of Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), for the extinguishment of the interest of a co-owner in a mining claim for his failure to contribute to the assessment work required thereby, is constitutional and valid.

   [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 58; Dec. Dig. § 23.*

   Mining partnerships, see note to G. V. B. Mining Co. v. First Nat. Bank of Hailey, 35 C. C. A. 515.]

2. MINES AND MINERALS (§ 23*)—DEFAULT IN ASSESSMENT WORK—FORFEITURE.

   A forfeiture will be enforced in a court of equity, when such relief accords more with the principles of right and justice than would the denial thereof; and this rule is particularly applicable to a forfeiture of the interest of a co-owner in a mining claim, expressly provided for by Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), for his failure to contribute to the work of development required thereby as a matter of public policy.

   [Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 23.*]

3. MINES AND MINERALS (§ 23*)—MINING CLAIMS—FORFEITURE OF INTEREST FOR FAILURE TO CONTRIBUTE TO ASSESSMENT WORK—SUFFICIENCY OF NOTICE.

   The beneficial owners of part interests in a mining claim are the proper parties to give the notice to a co-owner, under Rev. St. § 2324 (U. S. Comp. St. 1901, p. 1426), to forfeit his interest for a failure to contribute to assessment work, although they have conveyed their interests in trust.

   [Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 23.*]

4. MINES AND MINERALS (§ 34*)—MINING CLAIMS—PATENTS—ESTOPPEL.

   It is a common and approved practice to obtain patents from the government to mining claims in the names of the original locators, without regard to intervening changes in right or ownership, and the fact that a corporation grantee of certain owners proceeded upon an application made by prior owners, and obtained a patent running to them or their heirs and assigns. does not estop it from asserting that the interest of one of such patentees had been forfeited under the statute and vested in its grantors prior to the patent.

   [Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 34.*

   Conclusiveness of patents for mining claims, see notes to Carson City Golf & Mining Co. v. North Star Mining Co., 28 C. C. A. 346; Bunker Hill & Sullivan Mining & Concentrating Co. v. Empire State-Idaho Mining & Developing Co., 48 C. C. A. 674.]

Appeal from the Circuit Court of the United States for the District of Colorado.

Suit in equity by the Ibex Mining Company against C. L. Van Sice. Decree for complainant, and defendant appeals.   Affirmed.

Edwin H. Park, for appellant.

Charles J. Hughes, Jr. (Charles Cavender, on the brief), for appellee.

Before VAN DEVANTER, HOOK, and ADAMS, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. C. L. Van Sice brought an action in ejectment against the Ibex Mining Company to recover an interest in the San Jose lode mining claim in Lake county, Colo. The company, claiming to have equitable defenses, filed its bill in equity to avail itself of them and to enjoin the action at law. This appeal was taken by Van Sice from a decree sustaining the bill.

The mining claim once belonged to John W. Gordon, J. B. Bissell, and John P. Van Sice. The appellant asserts ownership of the interest which belonged to the latter, as his son and sole heir. In 1888 Gordon and Bissell caused to be published in a newspaper a notice to their co-owner, Van Sice, that they had paid for the work on the mine for the preceding year, necessary under the law for the preservation of the claim, and demanding contribution from him on the penalty of the forfeiture of his interest. This was done under the provisions of section 2324, Rev. St. (U. S. Comp. St. 1901, p. 1426). Van Sice did not contribute. Thereafter the title of Gordon and Bissell passed by conveyances to the mining company, which subsequently secured a patent for the entire claim in the names of the three men who owned it in 1880, one of whom was appellant's father. Section 2324, Rev. St., provides among other things that:

"Upon the failure of any one of several co-owners to contribute his proportion of the expenditures required hereby, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures."

Appellant contends that the proceeding under this provision of the statute did not extinguish his father's interest in the claim, for the reasons that the provision is contrary to the fifth amendment to the Constitution, in that it does not afford due process of law; that, if the requirement to do annual labor upon unpatented mining claims is a condition subsequent, such condition cannot be reserved by the government to be enforced by a third person; that it does not provide any evidence of title or transfer thereof, nor any method of recording or proving it; that it is a delegation of judicial power; that the title to an unpatented mining claim is a vested interest, which is not destroyed by the mere failure to do the work; and, finally, that the statute is an invasion of the rights of the state to regulate the tenure of private property within its borders. These contentions are so clearly wanting in merit that a detailed consideration of them is unnecessary. The mineral lands were the property of the government, and for the disposal of them it was competent for Congress to prescribe such conditions as in its judgment were required by a wise public policy. The section of the statute providing for the extinguishment of the interest of a co-owner for his failure to contribute to the work of exploration and development is part of the very law upon which he is compelled to rely for the source of his title—for the existence of any right whatever. He cannot well claim a vested interest, freed from the statutory conditions which qualify it.

The right and its limitations go together. There can be no real question about the effect of a notice rightly published under section 2324. Elder v. Horseshoe Mining & Milling Co., 194 U. S. 248, 24 Sup. Ct. 643, 48 L. Ed. 960.

It is also contended that a court of equity will not aid in enforcing a forfeiture; but that is not invariably true. The rule is that a forfeiture will be enforced in a court of equity, when such relief accords more with the principles of right and justice than would the denial thereof. Brewster v. Lanyon Zinc Company, 140 Fed. 801, 72 C. C. A. 213; Lindeke v. Associations Realty Co., 146 Fed. 630, 77 C. C. A. 56. There is the more reason for it in a case like the present, where the duty imposed by the statute upon a co-owner is not alone to his associates, but is also because of considerations of the common welfare. It is of public importance that the mineral resources of the country be explored and developed, and not left in indolent or indifferent hands. The policy exhibited in the statute would be ill subserved if, in the annual performance of labor and making of improvements, a co-owner of an unpatented claim might safely refuse or neglect to co-operate or contribute.

Again, it is argued that Bissell and Gordon, who signed the notice of forfeiture, were not co-owners within the meaning of the statute. We think they were. True, their interests had been conveyed to a trustee upon an adjustment of conflicting neighboring claims; but theirs was the beneficial ownership, and it was their duty and right to protect the title.

The mining company alleged in its bill that it had been in the open, continuous, exclusive, and adverse possession of the claim for more than seven years prior to the action in ejectment, and in reliance upon full ownership, and with the knowledge and consent of John P. Van Sice, it had paid the taxes and had expended large sums of money upon the property and in perfecting the title; also that neither John P. Van Sice nor the appellant made any such expenditures, nor objected to the mining company doing so. Upon this an estoppel was asserted. Appellant now says laches cannot be a ground for enjoining, in equity, an action at law, and cites Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167. But it was said in that case that laches would be considered in equity as one of the elements of an estoppel not available at law. In the case at bar, however, the decree may rest upon the extinguishment of the Van Sice interest by the proceeding under the act of Congress, irrespective of laches or estoppel. It should be said in this connection that the mining company interposed that proceeding as a defense in the ejectment action; but at the instance of the plaintiff, appellant here, the court ruled it constituted no defense in law. This was evidently upon the ground that, the mining company having afterwards procured a patent in the names of John P. Van Sice and his associates, the defense was cognizable only in a court of equity.

It is further claimed by the appellant that, even if his father's interest had been forfeited to Gordon and Bissell, the share Bissell took never passed to the mining company. But we think it clear that Bissell intended all his interest should be conveyed, including that former-

173 F.—57

ly owned by John P. Van Sice, and his grantee evidently acted upon the same supposition. So far as appears, Bissell has never denied it, and he would be in no position to do so now. The appellant is certainly no better qualified to raise the question. Another claim, somewhat similar in character, relating to the interest of one Stone, who was a former owner, is not sustained by the record.

There remains but one other matter that requires attention. In 1880 John B. Stone, Henry M. Jones, and John P. Van Sice, who were the owners of the claim at that time, made application to the land office at Leadville, Colo., for a patent, but did not press it to a hearing. After the forfeiture of the Van Sice interest in 1888 to Gordon and Bissell, his then co-owners, and after the conveyances to the mining company in 1893 and 1894, the latter entered the claim for patent in the names of the original applicants, and received a patent running to them, their heirs and assigns. Upon this it is claimed the mining company is estopped from asserting the forfeiture proceedings and from disputing the continued existence of the Van Sice interest. It is common practice to obtain patents from the government in the names of the original locators or entrymen, without regard to intervening changes in right or ownership. The patents generally run to the grantees named and their legal representatives, or, as in the case here, "their heirs and assigns," and the question to whose benefit the title should inure is left open in the courts. Hogan v. Page, 2 Wall. 605, 17 L. Ed. 854. The practice was in view of the difficulty and the burden that would be imposed on the land office of inquiring into and determining derivative titles. The claim of the mining company to the Van Sice interest under the forfeiture proceedings was not in issue before the land office, and was not one of the things necessary to be determined before the granting of a patent. Turner v. Sawyer, 150 U. S. 578, 587, 14 Sup. Ct. 192, 37 L. Ed. 1189. That Van Sice was at the time of the original application entitled to be a grantee in the patent was conceded. Whether he afterwards parted with his interest, voluntarily or involuntarily, was not inquired into when the patent was issued, and it was unnecessary to make such inquiry. The claim of the mining company to his interest was a derivative one, like that of an heir, or a grantee in a deed voluntarily executed, or in a deed made by a sheriff on execution sale. Landes v. Brant, 10 How. 348, 13 L. Ed. 449; Carpenter v. Rannels, 19 Wall. 138, 22 L. Ed. 77; De La Vergne Machine Co. v. Featherstone, 147 U. S. 209, 223, 13 Sup. Ct. 283, 37 L. Ed. 138. Indeed, so far as concerns the question here, the title accruing to a co-owner by a rightful notice, under section 2324, Rev. St., is much like that conveyed by a sheriff's deed after judgment and execution sale. Each results from a default in obligation, followed by proceedings authorized by law. The case before us is distinguishable from King v. McAndrews, 111 Fed. 860, 50 C. C. A. 29, and the others cited by appellant.

The decree is affirmed.