649 F.2d 775
 TOPAZ BERYLLIUM COMPANY, a Utah corporation; American Mining
Congress, a Colorado nonprofit corporation; and
Colorado Mining Association, a Colorado
nonprofit corporation,
Plaintiffs-Appellants,
v.
UNITED STATES of America, United States Department of the
Interior, CecilAndrus, Secretary of the Interior, Bureau of
Land Management, and Frank Gregg,Director of the Bureau of
Land Management, Defendants-Appellees,
and
Northwest Mining Association, Alaska Mining Association,
Utah MiningAssociation, Idaho Mining Association,
and New Mexico Mining Association, Intervenors.
 No. 79-2255.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Oct. 14, 1980.
Decided May 21, 1981.
 
 Alan L. Sullivan of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah (Richard K. Sager of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah and Howard L. Edwards of The Anaconda Company, Denver, Colo., with him, on briefs), for plaintiff-appellant Topaz Beryllium Company.
 David P. Kimball, III of Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz. (Jerry L. Haggard of Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., John Preston Creer of Senior & Senior, P.C., Salt Lake City, Utah, Don H. Sherwood, William R. Marsh and James M. King of Sherman & Howard (formerly Dawson, Nagel, Sherman & Howard), Denver, Colo., Robert G. Pruitt, Jr., Oliver W. Gushee, Jr., and Thomas A. Nelson, of Pruitt & Gushee, Salt Lake City, Utah, with him, on briefs), for plaintiffs-appellants Colorado Mining Association and American Mining Congress.
 Robert L. Klarquist, Atty., Dept. of Justice, Washington, D. C. (James W. Moorman, Asst. Atty. Gen., Jacques B. Gelin, Gerald S. Fish, and Michael A. McCord, Attys., Dept. of Justice; and Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah, Kenneth G. Lee, of counsel, Washington, D. C., Dept. of the Interior, on brief), for defendants-appellees.
 Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 Appellants seek a declaration that the provisions of 43 C.F.R. §§ 3833.3, 3833.4(a) (and certain regulations allegedly related thereto), and 3833.5(d) are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and thus unlawful under 5 U.S.C. § 706(2)(C). Appellants also seek injunctive relief. This appeal follows the district court's grant of the Secretary of Interior's cross-motion for summary judgment.
 
 I.
 
 2
 The Mining Act of 1872, 17 Stat. 91, set out procedures by which any person could locate, perfect, or claim valuable mineral deposits on public lands. From 1872 until 1976, these unpatented mining claims were governed largely by state statutory schemes. The federal government did not exercise any significant authority over unpatented claims and was not even entitled to notice of such claims until the patent process was begun.
 
 
 3
 The increased use of public lands following World War II resulted in a concomitant burden on public lands administrators. The Public Land Law Review Commission (PLLRC) was created by Congress in 1964 to review existing laws and to suggest revisions. PLLRC, One Third the Nation's Land (1970). The PLLRC issued a wide ranging report that included a specific proposal regarding the filing of unpatented mining claims. See id. at 130. The resulting legislation, the Federal Land Policy and Management Act of 1976, Pub.L.No. 94-579, 90 Stat. 2743 (codified at 43 U.S.C. §§ 1701-82) (FLPMA), repealed several outdated statutes, provided the Bureau of Land Management with land use planning authority, revised the laws governing sales, exchanges, and rights of way, established improved range management authority, and provided for the recordation of unpatented mining claims. Section 1744 provides for the recordation with the federal government of unpatented mining claims:
 
 
 4
 (a) The owner of an unpatented lode or placer mining claim located prior to October 21, 1976, shall, within the three-year period following October 21, 1976, and prior to December 31 of each year thereafter, file the instruments required by paragraphs (1) and (2) of this subsection. The owner of an unpatented lode or placer mining claim located after October 21, 1976, shall, prior to December 31 of each year following the calendar year in which the said claim was located, file the instruments required by paragraphs (1) and (2) of this subsection:
 
 
 5
 (1) File for record in the office where the location notice or certificate is recorded either a notice of intention to hold the mining claim (including but not limited to such notices as are provided by law to be filed when there has been a suspension or deferment of annual assessment work), an affidavit of assessment work performed thereon, on a detailed report provided by section 28-1 of Title 30, relating thereto.
 
 
 6
 (2) File in the office of the Bureau designated by the Secretary a copy of the official record of the instrument filed or recorded pursuant to paragraph (1) of this subsection, including a description of the location of the mining claim sufficient to locate the claimed lands on the ground.
 
 Additional filing requirements
 
 7
 (b) The owner of an unpatented lode or placer mining claim or mill or tunnel site located prior to October 21, 1976, shall, within the three-year period following October 21, 1976, file in the office of the Bureau designated by the Secretary a copy of the official record of the notice of location or certificate of location, including a description of the location of the mining claim or mill or tunnel site sufficient to locate the claimed lands on the ground. The owner of an unpatented lode or placer mining claim or mill or tunnel site located after October 21, 1976, shall, within ninety days after the date of location of such claim, file in the office of the Bureau designated by the Secretary a copy of the official record of the notice of location or certificate of location, including a description of the location of the mining claim or mill or tunnel site sufficient to locate the claimed lands on the ground.
 
 
 8
 Failure to file as constituting abandonment; defective or
 
 
 9
 untimely filing
 
 
 10
 (c) The failure to file such instruments as required by subsections (a) and (b) of this section shall be deemed conclusively to constitute an abandonment of the mining claim or mill or tunnel site by the owner; but it shall not be considered a failure to file if the instrument is defective or not timely filed for record under other Federal laws permitting filing or recording thereof, or if the instrument is filed for record by or on behalf of some but not all of the owners of the mining claim or mill or tunnel site.
 
 
 11
 In keeping with its general policy of vesting in the Secretary broad authority to promulgate rules and regulations to aid him in his administration of the public lands,[1] Congress declared part of its policy in FLPMA to be that "in administering public land statutes and exercising discretionary authority granted by them, the Secretary be required to establish comprehensive rules and regulations " 43 U.S.C. § 1701(a)(5). Congress also commanded in FLPMA that "(t)he Secretary, with respect to the public lands, shall promulgate rules and regulations to carry out the purposes of this Act and of other laws applicable to the public lands " Id. § 1740. Finally, it is pertinent here to note Congress' declaration that "the national interest will be best realized if the public lands and their resources are periodically and systematically inventoried and their present and future use is projected through a land use planning process coordinated with other Federal and State planning efforts." Id. at 1701(a)(2).
 
 II.
 
 12
 Appellants American Mining Congress and Colorado Mining Association, but not Topaz Beryllium Company, urge that 43 C.F.R. § 3833.4(a) is invalid because it deems conclusively that an unpatented claim is abandoned and void if its owner fails to file documents that are not specifically required by 43 U.S.C. § 1744's recordation system. Appellants argue that since § 1744 is relatively specific, the Secretary is limited by its terms when he promulgates the regulations necessary to its implementation.
 
 
 13
 It is true that certain subparts of 43 C.F.R. § 3833 demand more of a holder of an unpatented claim than does § 1744.[2] However, 43 C.F.R. § 3833.4(a) does not deem a claim abandoned and void if such supplemental filings are not made. Section 3833.4(a) authorizes such a result only if "an instrument required by §§ 3833.1-2(a), (b), and 3833.2-1" is not filed, and appellants do not allege that §§ 3833.1-2(a), (b), and 3833.2-1 require any more than does § 1744. We conclude that the Secretary has not ignored § 1744(c) which assumes that even defective filings put the Secretary on notice of a claim, and we hold that once on notice, the Secretary cannot deem a claim abandoned merely because the supplemental filings required only by § 3833 and not by the statute are not made. This is also the Secretary's view: failure to file the supplemental information is treated by the Secretary as a curable defect. A claimant who fails to file the supplemental information is notified and given thirty days in which to cure the defect. If the defect is not cured, "the filing will be rejected by an appealable decision."[3] The Secretary does not contemplate any automatic extinguishment of a claim for faulty filing.
 
 
 14
 Placed in their proper perspective, the challenged supplemental filings represent the Secretary's effort to "fill in" the broad outlines of FLPMA. Names, addresses, and the other information that the challenged regulations require of those making filings pursuant to § 1744 do not constitute the regulatory horrible that appellants attempt to vivify. Rather, the supplementary information enables the Secretary to integrate § 1744's information with other data pertaining to land use planning. As the district court noted,
 
 
 15
 Congress could not foresee and did not attempt to foresee all of the information that might be needed to efficiently administer 43 U.S.C. § 1744 and to coordinate its operation with the rest of the FLPMA and with other public land laws. These reasons were among those Congress had for delegating broad authority to the Secretary in 43 U.S.C. § 1740.
 
 
 16
 Topaz Beryllium Co. v. United States, 479 F.Supp. 309, 314-15 (D.Utah 1979). The Supreme Court has consistently held that similar grants of general rulemaking authority sustain the validity of detailed regulations which are designed to achieve with reasonable effectiveness the purposes for which Congress has acted, E. I. du Pont de Nemours & Co. v. Train, 430 U.S. 112, 132, 97 S.Ct. 965, 977, 51 L.Ed.2d 204 (1977), or which are reasonably related to the purposes of the enabling legislation, Mourning v. Family Publications Service, Inc., 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973). See In re Permanent Surface Mining Regulation Litigation, No. 79-1144 (D.C.Cir. Apr. 1, 1981).
 
 III.
 
 17
 All appellants challenge 43 C.F.R. § 3833.5(d) which provides that notice of an action or contest affecting an unpatented mining claim need be given only to those owners who have recorded their claim or site pursuant to § 3833.1-2 or have filed a notice of transfer of interest pursuant to § 3833.3. Appellants allege that this provision would allow parties other than the government to initiate contests and win default judgments contrary to the intent of Congress, and further that, even where the government brings an action, the provision creates a substantial risk of loss of valuable mining claims that was not authorized by Congress in 43 U.S.C. § 1744.
 
 
 18
 We do not find these contentions persuasive. First, we agree with the district court that § 3833.5(d) speaks only to government-initiated contests. In a contest initiated by a third party, that party cannot rely on § 3833.5(d) and ignore local records the official repositories when determining to whom he must send notice. Appellants' fear that § 3833.5(d) will be read more broadly should be assuaged by this opinion. Any such broad reading will be appealable and this interpretation given § 3833.5(d) will be controlling at least in this circuit.
 
 
 19
 Second, appellants err in attempting to shackle these regulations to § 1744; 43 C.F.R. § 3833.5(d) simply does not operate as an automatic forfeiture provision as 43 U.S.C. § 1744 does. As noted above, FLPMA contains numerous provisions evidencing Congress' intent to grant the Secretary broad regulatory authority over public lands. Part of that authority is expressed in the Secretary's ability to initiate a proceeding contesting or clarifying a party's interest in a particular parcel of public land. 43 C.F.R. § 4.451-1. See Davis v. Nelson, 329 F.2d 840 (9th Cir. 1964). The notice of transfer provisions merely provide a procedure by which the Secretary can more efficiently satisfy his due process obligation to give notice to affected parties when he initiates a contest. It does not by itself work a forfeiture; it merely facilitates the giving of notice of a government challenge under § 4.451-1. As the district court stated, "It is easier and more efficient to require millions of claim holders to say to the government early on, 'tell me' if you intend to challenge my interest, than to require the government to ferret out millions of interested persons from local records scattered in thousands of locations." 479 F.Supp. at 316.
 
 
 20
 As we interpret the notice-of-transfer regulations, a transferee who fails to file a notice of transfer is in danger of going without notice in a government-initiated contest only until he files his first annual filing required by 43 U.S.C. § 1744. The regulations require
 
 
 21
 the government, in a government-initiated contest proceeding, to search all of the records filed with it pursuant to 43 C.F.R. Subpart 3833, not just notices of transfer. The Secretary concedes that if a new owner is identified as such on one of the required annual filings, his failure to file a notice of transfer would not authorize the government to forego giving him notice of a contest.
 
 
 22
 479 F.Supp. at 316. We hold that this notice procedure is reasonably related to the broad concerns for the management of public lands set forth in FLPMA, as well as to the Secretary's unchallenged authority to initiate contests concerning public lands, and that the procedure wholly comports with due process of law.
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 "The Secretary of the Interior is charged with the supervision of public business relating to Public lands, including mines," 43 U.S.C. § 1457; "The Secretary of the Interior is authorized to enforce and carry into execution, by appropriate regulations, every part of the provisions of this title not otherwise specifically provided for," 43 U.S.C. § 1201; "Except as otherwise provided, all valuable mineral deposits in lands belonging to the United States shall be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase under regulations prescribed by law ," 30 U.S.C. § 22. See Boesche v. Udall, 373 U.S. 472, 476, 83 S.Ct. 1373, 1376, 10 L.Ed.2d 491 (1963)
 
 
 [2]
 Appellants challenge 43 C.F.R. §§ 3833.0-5(e), 3833.1-2(c)(2), 3833.2-2(a) (2) and (b)(2), 3833.2-3(a)(1)(ii) and (b)(2), 3833.0-5(i), 3833.1-2(c)(5) and (6), and 3833.2-3 which require owners of unpatented mining claims to identify themselves to the BLM, to give their address and to give notice of a change of address, to state the legal description assigned to each claim by the BLM, to file amended instruments which change or alter the description of a claim, and to comply with certain standards when submitting a notice of intention to hold a mining claim. None of these "extra" filings are specifically called for by 43 U.S.C. § 1744
 
 
 [3]
 See Organic Act Directive No. 80-5, "Fatal and Curable Defects of Mining Claim Filings under FLPMA," Oct. 31, 1979. Appellants allege that the Internal Board of Land Appeals (IBLA) is ignoring both the clear meaning of § 3833.4(a) and the cited directive and deeming claims abandoned unless the supplemental information is supplied. Such erroneous decisions by the IBLA can be appealed to federal district court where the interpretation given § 3833.4(a) by this court will be controlling at least in this circuit