Ruth JACKSON (Shelp), Imogene L. McBride, George C. Meline and Ethelmae Meline, husband and wife, Earl B. Milton and Virginia L. Milton, husband and wife, Carroll L. Niblack, Marion Niblack, Bill J. Osborn, Clarence E. Patterson and Mary E. Patterson, husband and wife, Clarence E. Patterson and Helen A. Patterson, Olive Poage, Homer S. Potter and Inez M. Potter, husband and wife, Donald J. Reed and Irene S. Reed, husband and wife, Shafco Industries Inc., a corporation, John H. Van Dyke, Jr., Treva D. Walton, Nancy I. Webster, William M. Yarcusko, Robert B. Farnsworth, Donald E. Farris and Marilyn J. Farris, husband and wife, Melvin J. Getten, Thomas W. Gough and Marilyn J. Gough, husband and wife, Tony R. Guillen, Loyal E. Harris, Robert L. Hart, James C. Hawkins and Ona E. Hawkins, husband and wife, Robert T. Heck, William U. Jones, Evelyn M. Cummings, Hugh H. Dossett and Mary V. Dossett, husband and wife, J.P. Dujka, Floyd A. Ancheta and Lillian Ancheta, husband and wife, Frances Farnsworth (Gerard), Chester R. Bergthold and Georgia M. Bergthold, husband and wife, Zach Brinkerhoff, Judy Packard Jennings, Arthur Boatright, Fred H. Suggs and Will M. Suggs, husband and wife, Plaintiffs-Appellees,

Orville A. Niblack, Clyde Niblack, Saunda L. Niblack, Helen E. Peterson, Incentive Investments Inc., a corporation, Marybelle Van Dyke, Triny D. Guillen, Orvetta M. Harris, Frances M. Harris, Lois D. Jones, Ruth M. Hart, Mrs. Don R. Hinderliter, Yvonne Boatright, and Sam Roberts, Plaintiffs,

v.

Wanda S. ROBERTSON, Conrad E. Bales, Lighthouse Trust, Wanda S. Robertson, Executive Trustee, and Conrad E. Bales, Executive Secretary Trustee, Eagle Trust, Wanda S. Robertson and Conrad E. Bales, Trustees, Resource Trust, Wanda Robertson and Helene Martin, Trustees, Goce Corporation, Helene Martin, Lamar Monesmith, Gil Smith and Henrietta Smith, Defendants-Appellants,

John Doe Carskaddon and/or Jane Doe Carskaddon, Harry Creith, Edward Dejulis, Vera Weise Dejulis, Rex Osborn, Fran Osborn, C.W. Skinner, Pauline Skinner, Peggy Skinner, R.E. Skinner, Jane Doe Smith, Leonard Smith and Donna Smith, Ouida Marie Smith, Ernest Wilkerson, Mother of Pearl (Mrs. Roy) Webster, Defendants.

No. 83–1187.

United States Court of Appeals, Tenth Circuit.

June 3, 1985.

James P. Castberg, Powell, Wyo. (Fred C. Reed, Cheyenne, Wyo., with him on the brief), for defendants-appellants.

Lee Karavitis of Murane & Bostwick (Patrick Dixon, with him on the brief), Casper, Wyo., for plaintiffs-appellees.

Before LOGAN and SETH, Circuit Judges, and FINESILVER, District Judge*.

SETH, Circuit Judge.

This is an appeal from the trial court's order fixing ownership interests in mining claims on federal land. Appellants, defendants below, raise two questions of federal statutory interpretation. They urge that

* Honorable Sherman G. Finesilver, Chief United States District Judge for the District of Colorado, sitting by designation.

provisions of 43 U.S.C. § 1744 (The 1976 Land Act) operate to void the interests of all appellees. Appellants also contend that many of the appellees forfeited any ownership interest in the claims by failing to contribute their share of the cost of the annual assessment work under 30 U.S.C. § 28 when appellants sought to "publish them out." Additionally appellants urge that the court decided the percentage of the undivided interest of appellees against the clear weight of the evidence. The causes of action were for an accounting and to quiet title. The trial court found generally for appellees.

This case involves the twenty-year struggle of two appellants, Wanda S. Robertson and Conrad E. Bales, to keep in good standing 51 unpatented mining claims in Wyoming. In 1965 Wanda Robertson, Conrad Bales and Lois Rinard staked the 51 claims and filed the location notices.

Mr. Bales, Mrs. Robertson and Mrs. Rinard assigned their claims to the GOCE Corporation in December 1966. The GOCE Corporation died in 1974, and the ownership it had was divided between Mr. Bales and Mrs. Robertson. These two appellants later transferred their interest in the claims to trusts. They held no beneficial interest in the trusts but were trustees.

From 1966 forward the GOCE Corporation or its successor in interest has assigned small undivided interests in the claims. The assignments were usually made in exchange for either labor or funds for assessment work. A number of these interest holders are the appellees. The exact exchange involved in some of these assignments is one target of dispute on appeal.

Mrs. Robertson or Mr. Bales caused the annual assessment work required by 30 U.S.C. § 28 to be performed on the claims from 1966 to 1974, and filed the proofs of labor. Proofs of labor were filed by the GOCE Corporation in 1975 and 1976 even though the corporation transferred its entire interest in the claims to Mr. Bales and Mrs. Robertson in 1974. Wanda Robertson and Conrad Bales filed the proof of labor for 1977–79 in their names "et al., successors to GOCE Corporation." Some of the appellees performed work on the claims for 1980–82 and filed proof of labor on behalf of the GOCE Owners Association. Wanda Robertson also did annual assessment work during 1980 and 1981. She filed proof of labor in her name as trustee of the two trusts mentioned above.

Mrs. Robertson sent notice under 30 U.S.C. § 28 to two appellees, F.M. Stevenson and Zach Brinkerhoff, in June of 1980. The notice requested payment of their share of the cost of annual assessment work performed for the preceding fourteen years (1966–1980). Mr. Stevenson paid approximately one-half of his share within the statutory 90-day time limit. Mr. Brinkerhoff made no payment. Mrs. Robertson and Mr. Bales again sent notice requesting contribution from some co-owners in August 1981 and December 1981. Most of the co-owners receiving either the August or December notices did not make any contribution.

The court below found that Mrs. Robertson complied with the 1976 Land Act (43 U.S.C. § 1744) on behalf of *all* interest holders, not just appellants. The court also held that none of the interest holders forfeited their claim by failing to contribute their share of annual assessment work because it concluded that the notice for contribution from either Mrs. Robertson or Mr. Bales was of no legal effect because these appellants were not "co-owners" entitled to demand contribution. The court also decreed the interests of four individuals who had received assignments to be: Arthur Boatright—4%; Loyal Harris 6%; Judy Packard Jennings—1%; Sam Roberts—2% plus a ½% royalty interest.

Appellants argue the court erred in its application of both 43 U.S.C. § 1744 and 30 U.S.C. § 28. They also assert that the court awarded the four individual interests to appellees against the clear weight of the evidence.

We examine first the appellants' attack on the validity of all appellee interests in the claims. The trial court found that

Wanda Robertson complied with the 1976 Land Act in September 1979, and the record supports this finding. She sent notice which identified the owners of the claims to the Bureau of Land Management as "Lighthouse, a Trust ... and Resource Trust ... and et al. (some minor interest assignments) all of whom are considering themselves as the GOCE Owners Association." The appellees stipulated that they made no effort to comply with the Act. Appellants conclude that this failure renders appellees' interests abandoned and void. The trial court found that Mrs. Robertson's notice of ownership to the BLM was effective as to all of the interest holders. We agree with this determination.

The Land Act generally requires owners of unpatented mining claims to file with the BLM the location and a description of the claims. The Act also requires the filing of a proof of labor. *See* 43 U.S.C. § 1744(a). Failure to file the required documents "shall be deemed conclusively to constitute an abandonment of the mining claim." *Id.* at § 1744(c). However, this section exempts from its conclusive abandonment provisions a broad category of otherwise noncomplying filings:

> "[I]t shall not be considered a failure to file if the instrument is defective or not timely filed for record under other Federal laws permitting filing or recording thereof, *or if the instrument is filed for record by or on behalf of some but not all of the owners of the mining claim ....*" (Emphasis added.)

Mrs. Robertson's notice to the BLM recognized in its list of owners "some minor interest assignments." This constituted a filing "on behalf" of all of the interest holders for purposes of compliance with the statute and avoided conclusive abandonment of these interests. The Supreme Court in *United States v. Locke,* —— U.S. ——, 105 S.Ct. 1785, 85 L.Ed.2d 64, has held that the statute must be strictly applied as to the time for filing, and is valid.

Appellants attempt to avoid the effect of their filing on behalf of other interest holders. They urge that the failure of appellees to file additional information required by the regulations triggers as to them the abandonment provisions of the law. They point specifically to 43 C.F.R. § 3833.1-2(b)(2) which requires filing "the name and current mailing address, if known, of the owner or owners of the claim." Appellees did not file this information with the BLM. They reason that owners failing to provide this information face abandonment of their interests under the statute.

43 C.F.R. § 3833.4(a) reiterates the abandonment language found in the Act. However the full text of this regulation treats some information required by the regulations as required filings and excludes other information from this mandate. *Compare* § 3833.4(a) *with* § 3833.-4(b). (Subpart (a) mirrors the requirements of the statute. Subpart (b) on the other hand finds additional information required to be filed by the regulations "shall not be deemed conclusively to constitute an abandonment.") Under § 3833.4(b) failure to file the information required by § 3833.1-2(b) does not result in an abandonment as a matter of law. As this court stated in *Topaz Beryllium Co. v. United States,* 649 F.2d 775 (10th Cir.):

> "§ 1744(c) ... assumes that even defective filings put the Secretary on *notice* of a claim, and we hold that once on notice, the Secretary cannot deem a claim abandoned merely because the supplemental filings required only by § 3833—and not by the statute—are not made." (Emphasis in original.)

If failure to file the supplemental requirements contained in the regulations cannot be used by the Secretary to deem a claim abandoned, then it is clear that this failure may not be used by private parties to settle disputes over ownership of mining claims.

We affirm the trial court's determination and find the notice filed protected appellees' interests under 43 U.S.C. § 1744.

The appellants assert that some of the appellees' interests were forfeited to them under 30 U.S.C. § 28 because these appellees did not pay their share of required

annual assessment work. The statute operates to transfer the delinquent co-owners' interest to other owners who have actually performed or paid for the work. 30 U.S.C. § 28 requires:

"On each claim located after the 10th day of May, 1872, and until a patent has been issued therfor, not less than $100 worth of labor shall be performed or improvements made during each year.... Upon the failure of any one of several coowners to contribute his proportion of the expenditures required hereby, the coowners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent coowner personal notice in writing or notice by publication in the newspaper ... and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his coowners who have made the required expenditures."

Appellants claim they gave notice under the statute on three separate occasions. Wanda Robertson made the first effort to give notice to two interest holders. F.M. Stevenson and Zach Brinkerhoff each received a notice in the same envelope.

Mrs. Robertson titled both notices "GOCE Claims—Assessment Work Expenses." She referred to copies of federal regulations (43 C.F.R. § 3833) sent to Mr. Stevenson. Mr. Stevenson's letter acknowledged that these regulations detailed "the responsibility of the co-owners in federal leases to pay their share of research and assessment work done." Mrs. Robertson prorated the amount owed by Mr. Brinkerhoff and Mr. Stevenson on the basis of $100.00 per claim per year. The request for contribution covered a fourteen-year period.

The trial court found the notice to Mr. Stevenson and Mr. Brinkerhoff defective because Wanda Robertson signed them as an individual. Thus the court concluded Mrs. Robertson was not a "co-owner" within the meaning of the statute. In reaching this conclusion the court relied on *Turner v. Sawyer*, 150 U.S. 578, 14 S.Ct. 192, 37 L.Ed. 1189. It is true that *Turner* strictly construed the statute to read "that the right to give this notice of a claim for contribution is limited to a *coowner* who has performed the labor." *Turner* at 584, 14 S.Ct. at 194 (emphasis in original). However the Court limited its opinion to find that a holder of a sheriff's certificate of purchase at an execution sale is not a co-owner for purposes of the law. *Id.* at 585, 14 S.Ct. at 194.

The statute does requires indicia of ownership before a person has the right to invoke its forfeiture provisions. In order to give notice under the statute a person must have the "duty and right" to protect his title. *See Van Sice v. Ibex Mining Co.*, 173 F. 895, 897 (8th Cir.1909). Although Mrs. Robertson did not sign her letters to Mr. Stevenson or Mr. Brinkerhoff on behalf of the entities holding legal title, she had the right to do so at all pertinent times.

30 U.S.C. § 28 requires that a delinquent co-owner receive actual notice (or by publication). Actual written notice for purposes of the statute means that the delinquent co-owner has full and actual knowledge of every fact required by the statute to be given in the notice. *See Evalina Gold Mining Co. v. Yosemite Gold Mining & Milling Co.*, 15 Cal.App. 714, 115 P. 946, 949, and *Pomeroy v. Sam Thorpe Mining Co.*, 37 Ariz. 541, 296 P. 255, 257. *See also* 2 Rocky Mtn.Min.L.Inst., § 8.8 *et seq.* Courts look to the form and content of the notice provided to determine whether the delinquent co-owner "was given the opportunity to contribute his proportionate share of the assessment work for the many preceding years." *Pomeroy* at 257. The letters sent by Mrs. Robertson offered both Mr. Stevenson and Mr. Brinkerhoff the "opportunity" to contribute their share of assessment costs for the claims.

Mr. Stevenson paid approximately one-half of the amount due within the statutory time limit. On appeal Mr. Ste-

venson implies that this partial payment constitutes full compliance with the statute. He contends that Mrs. Robertson's acceptance of the amount without a request for further payment constitutes a waiver of her rights to contribution. This is not the case. If a co-owner provides proof of annual labor performed and there is a failure of another co-owner to contribute his share, then "a presumption that the delinquent has been cut off" is created. *Pomeroy* at 259. A delinquent co-owner complies with the statute only by paying his "proper portion within the period fixed by statute." 43 C.F.R. § 3851.4. Mr. Stevenson failed to pay his full share of annual assessment costs within the statutory period. By operation of 30 U.S.C. § 28 his interests become "the property of his coowners who have made the required expenditures." The effective date of forfeiture is 90 days from notice.

Mr. Brinkerhoff states that he did not receive his letter from Mrs. Robertson within 90 days of its mailing. This however makes no difference. Mr. Brinkerhoff testified that he read the notice. He had 90 days thereafter in which to pay but he did not do so. His interests were forfeited under the statute 90 days after he received the notice.

We reverse the trial court's finding that notice to Mr. Stevenson and Mr. Brinkerhoff was of no legal effect. We must remand this case to the trial court for a determination of co-owners eligible to share the interests forfeited by Mr. Stevenson and Mr. Brinkerhoff and to determine whether co-owners in 1980 avoided forfeiture for that year by doing assessment work and filing proof of labor.

Mrs. Robertson and Mr. Bales also sent notices that complied with the provisions of 30 U.S.C. § 28 to many of the appellees in 1981. The trial court found this notice ineffective because one of the signers was not a co-owner. However, for the reasons set out above the notices were from "co-owners" under the Act. Thus Mr. Bales and Mrs. Robertson possessed the right to request contribution in their present capacity as trustees of the two trusts holding legal title. They had the right to demand contribution in their former capacities as officers of GOCE Corporation or as individuals. If a notice is signed by both an owner entitled to demand contribution and another person or entity without capacity to issue a forfeiture notice, the "co-owner" requirements of the statute have been met. *See Badger Gold Mining & Milling Co. v. Stockton Gold & Copper Mining Co.*, 139 F. 838 (C.C.D. Ore., 1905)

There is no prohibition against accumulating assessment work costs for several years and including them in a single notice. *Elder v. Horseshoe Mining & Milling Co.*, 194 U.S. 248, 24 S.Ct. 643, 48 L.Ed. 960; *Pomeroy v. Sam Thorpe Mining Co.*, 37 Ariz. 541, 296 P. 255; *Evalina Gold Mining Co. v. Yosemite Gold Mining & Milling Co.*, 15 Cal.App. 714, 115 P. 946.

Congress provided the "advertising out" procedure whereby the delinquent co-owner forfeits his interest to the co-owner who did or caused the required assessment work to be done (there being no agreement to the contrary as to the work) and who gave the proper notice personally or by publication. It is a remedy which does not require judicial intervention. It is the exclusive remedy to divest the delinquent co-owner of his interest. 2 Rocky Mtn.Min.L.Inst., § 8.8. The forfeiture is automatic and title vests in the co-owner giving proper notice and the statute provides the effective date.

Forfeitures are, of course, not favored but Congress has provided this method to see that all co-owners bear their share of the burden. This court said in *Van Sice v. Ibex Mining Co.*, 173 F. 895, 897, 97 C.C.A. 587 (8th Cir.):

"It is also contended that a court of equity will not aid in enforcing a forfeiture; but that is not invariably true. The rule is that a forfeiture will be enforced in a court of equity, when such relief accords more with the principles of right and justice than would the denial

thereof. *Brewster v. Lanyon Zinc Company*, 140 Fed. 801, 72 C.C.A. 213; *Lindeke v. Associations Realty Co.*, 146 Fed. 630, 77 C.C.A. 56. There is the more reason for it in a case like the present, where the duty imposed by the statute upon a co-owner is not alone to his associates, but is also because of considerations of the common welfare. It is of public importance that the mineral resources of the country be explored and developed, and not left in indolent or indifferent hands. The policy exhibited in the statute would be ill subserved if, in the annual performance of labor and making of improvements, a co-owner of an unpatented claim might safely refuse or neglect to cooperate or contribute."

We must reverse the court's determination that the 1981 notices to interest holders was of no legal effect. We remand this issue as well for a determination of the co-owners entitled to the forfeited interests.

■ The trial court determined the percentage of interest held by several appellees. Thus Judy Packard Jennings placed an assignment of a 1% undivided interest in the GOCE claims into evidence at trial. Wanda Robertson signed the instrument as Financial Vice-President of GOCE Corporation on July 14, 1967. The appellants produced a promissory note signed by Mrs. Jennings on the same date. The note recorded Mrs. Jennings' promise to pay $1,500.00 within a year for her interest. Mrs. Robertson admitted that Mrs. Jennings paid $500.00 on the date of the assignment. Failure to pay the balance due resulted in a forfeiture of Mrs. Jennings' interest under the terms of the note. Mrs. Jennings did not appear or testify at the trial. Mr. Bales knew of the note and agreement but did not know whether Mrs. Jennings had or had not made any further payments. Mrs. Robertson also had no memory of Mrs. Jennings' payment of the note or failure to pay. The facially valid assignment provided prima facie proof of her claim. *See Owens v. Sun Oil Co.*, 482 F.2d 564 (10th Cir.,1973). Appellants had

filed a counterclaim which was really an affirmative defense. *See* Fed.R.Civ.P. 8. As this court explained in *Owens v. Sun Oil Co.*, "the burden of proof ... is upon the defendant as to all affirmative defenses which he sets up in answer to the plaintiff's claim.... This rule does not involve a shifting of the burden of proof, but merely means that each party must establish his own case."

As mentioned, neither Mr. Bales nor Mrs. Robertson could remember if Mrs. Jennings had made further payment on the note. They offered no testimony to show that Mrs. Jennings failed to pay. Under these circumstances the court had sufficient evidence to decide that Mrs. Jennings was entitled to a 1% undivided interest in the GOCE claims.

■ The appellants also challenge the court's award of interests to three persons who performed work on the GOCE claims in exchange for undivided interests.

Arthur Boatright worked on the GOCE claims in 1966. The court found Mr. Boatright owned a 4% interest in the claims for his work. The testimony was conflicting as to the amount and value of the work. It was apparent that Mr. Boatright was to receive an interest. The trial court heard the witnesses and resolved the conflict. There is adequate evidence to support the trial court's finding. Another undivided interest was claimed by Mr. Loyal Harris who provided labor and equipment to GOCE over a period of years. Mr. Harris always understood that he would be paid for his services. The method of payment is not questioned. He knew that he would get a "percentage" of the GOCE venture. He thought he had to wait for the production of ore from the claims before being reimbursed "because there was [sic] no moneys." Record Vol. IV, at 426. Appellants contend that the evidence before the court proved that Loyal Harris only agreed to do the work in exchange for payment from production. They argue that the court's award of an undivided 6% interest in GOCE's claims was error.

The parties do not dispute the basic nature of their oral agreement. Mrs. Robertson planned to pay Mr. Harris for his work by giving him some type of interest in the mining claims. Appellants claim that *only* a percentage of production was to be used as payment. Mr. Harris was willing to do the work in exchange for a participatory role in the GOCE venture. The record reveals evidence of a skeletal partnership between Mrs. Robertson and Mr. Harris. They both agreed to contribute labor, equipment and effort in return for future profits. Mr. Harris gave the GOCE claims a large amount of labor and time ten years prior to this trial. The court determined that this effort earned Mr. Harris a share of the only asset the GOCE owners had to contribute—undivided interests in the 51 claims.

We conclude the court's finding concerning Mr. Harris' interest was tailored to fit the facts before the court and was reasonable under the circumstances and supported by the record.

The court determined Sam Roberts owned a 2% undivided interest and a ½% royalty interest in the GOCE claims. Mr. Roberts entered three documents into evidence as proof of his interests: an assignment of a 1% undivided interest; an assignment of a 1% undivided interest; and an assignment of a ½% royalty interest. The interests acquired are examined in chronological order according to the date of execution. Appellants argue that Sam Roberts failed to give the GOCE Corporation adequate consideration in return for the interests. The evidence showing the work performed was sufficient to support the court's findings.

As stated herein the trial court is affirmed as to its conclusion that appellants' notice protected all owners under 43 U.S.C. § 1744.

It is also affirmed as to the finding that Mrs. Jennings had a valid assignment of a one percent undivided interest in the claims as of July 1967. The interest was subject to forfeiture for nonpayment of a share of assessment work if notice was sent.

The trial court determined that Mr. Boatright had a two percent interest in the claims. This is affirmed and it is again noted that this could also be subject to forfeiture.

We must reverse the trial court's conclusion that the notices for contribution were not effective because not given by a co-owner. Since the notices of forfeiture were given by a "co-owner" under the Act, it is necessary on remand to determine whether the notices were received, and when, in order to decide whether they were effective and when effective, and to determine whether some appellees did assessment work themselves in 1980. The current ownership as a consequence of any automatic forfeitures can be so ascertained.

REVERSED and REMANDED.