Tom CORNWALL, Appellant,

v.

June BAIRD, Appellee.

No. S–1143.

Supreme Court of Alaska.

Dec. 19, 1986.

Allen R. Cheek, Fairbanks, for appellant.

Lyle R. Carlson, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Chief Justice.

This appeal involves a dispute over a group of mining claims in Bachelor Creek. June Baird (Baird) filed suit against Tom Cornwall, asserting that she owns a 25% interest in the claims, requesting an accounting of the costs and income relating to the mining activities on the properties, and requesting her share of the proceeds. Baird moved for partial summary judgment on her claim that she is entitled to a 25% interest in the mining properties and proceeds. In opposition Cornwall asserted that Clay Cornwall, his father and predecessor in interest in the Bachelor Creek claims, had notified Baird by letter in 1981 that she was liable for her pro-rata share of assessment work which had been performed, but that Baird had never paid for her share of the costs. Cornwall contended that as a result of this failure to pay, Baird had forfeited her interest in the property to Clay Cornwall.

The superior court granted Baird's motion for partial summary judgment, concluding that Baird was entitled to a 25% ownership interest in the claims and awarding her $4,740.00 in damages. The parties then stipulated that as a result of this ruling no trial was necessary and that final judgment should be entered. Cornwall now brings this appeal. We reverse.

I. *IS FORFEITURE OF BAIRD'S INTEREST IN THE CLAIMS WARRANTED IN THE FACTUAL CONTEXT OF THIS CASE?*

Cornwall asserts that Baird forfeited her interest in the claims by failing to pay her

portion of the costs for 1980. He bases this assertion on two sources: an affidavit of Clay Cornwall stating that in 1981 he sent Baird a letter demanding that she pay her share of assessment labor costs expended in 1980, and the language of AS 38.05.215. AS 38.05.215 states:

*Notice to co-owners to contribute to cost of annual labor or improvements and forfeiture for failure to contribute.* If one of several co-owners fails to contribute the proportion of the expenditures required for annual labor from the co-owner, the co-owners who have performed the labor or made the improvements may, at the expiration of the annual labor year, give the delinquent co-owner personal notice in writing, or notice by publication in the newspaper published nearest the claim for at least once a week for 90 days. If at the expiration of 90 days after the service of the notice in writing, or 90 days after the completion of the publication the delinquent fails or refuses to contribute the required proportion of the expenditures, the interest of the delinquent co-owner in the claim is forfeited to the co-owners who have made the expenditures.

Cornwall argues that given the provisions of AS 38.05.215, the superior court erred in granting partial summary judgment to Baird because Baird forfeited any interest she had in the claims by her failure to pay her share of the costs following receipt of Clay Cornwall's letter.

Baird has three responses to this argument. First, she denies that she ever received a letter from Clay Cornwall demanding assessment fees. Second, she argues that sending a letter does not meet the notice requirements of AS 38.05.215.

Third, she argues that Cornwall has failed to establish that he complied with AS 38.05.220, which requires the co-owner claiming forfeiture to record the notice to contribute.

In opposition to the motion for summary judgment, Tom Cornwall filed the affidavit of his father Clay F. (Joe) Cornwall. Therein Clay Cornwall averred in part that:

3. After the expiration of the 1980 annual labor year, in 1981, I sent a letter to plaintiff JUNE BAIRD, then a co-owner of said claims, demanding that she pay her proportion of assessment labor costs expended in 1980.

4. Within one week after sending the above-referenced demand to plaintiff, she telephoned me and refused to pay her proportionate share of said assessment work expenses for 1980.

[R. 32] In reply to Cornwall's opposition, Baird filed an affidavit in which she stated:

As I have previously indicated, there has never been any demand made to me either by the defendant, TOM CORNWALL, or by his father requesting that I contribute to assessment work. Joe Cornwall did send me a letter, but it said nothing about a contribution for assessment work.[1]

■ These conflicting affidavits disclose the existence of a genuine issue of material fact as to whether the requisite statutory notice was given to and received by June Baird. More particularly, we hold that the summary judgment should be vacated and the matter remanded for determination as to whether Clay Cornwall's 1981 letter provided the requisite notice to June Baird under AS 38.05.215.[2]

1. In regard to the required assessment work AS 38.05.210(a) provides:

*Annual labor.* (a) Labor shall be performed or improvements made annually on or for the benefit or development of each mining claim on state land except that where adjacent claims are held in common, the expenditure may be made on any one claim. The commissioner shall establish the date of the commencement of the year during which the labor or improvements are to be performed.

Labor shall be performed at the annual rate of $200 per claim. If more work is performed than is required by this section to be performed in any one year, the excess work up to a value of $800 may be applied against labor required to be done during the subsequent year or years.

2. On the basis of the affidavits in the record, it is apparent that in 1981 June Baird received a letter from Clay Cornwall.

AS 38.05.215 is modeled after 30 U.S.C. § 28 (1986). This federal statute provides in part:

Upon the failure of any one of several coowners to contribute his proportion of the expenditures required hereby, the coowners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent co-owner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his co-owners who have made the required expenditures....[3]

 It has been observed that the purpose of 30 U.S.C. § 28 is to provide a speedy, convenient, and effective method of taking from one co-owner his interest in the property and giving it to another without the intervention of courts or juries.[4] Neither the federal statute nor AS 38.05.-215 prescribes the form or content of the notice which is to be given the delinquent co-owner. Nevertheless, we take the view that notice for purposes of AS 38.05.215 requires that the delinquent co-owner be apprised of each operative fact upon which the forfeiture provision of AS 38.05.215 is grounded.[5] Therefore, in order to demonstrate that June Baird's interests in the subject claims were forfeited under AS 38.-05.215, Tom Cornwall must prove that his father's 1981 letter to June Baird described the claims intended to be affected,[6] stated the amount expended on each claim in the specified year,[7] and stated that Baird's failure to pay her proportionate share of the assessment expenditures in question within 90 days after receipt of the written notice would result in forfeiture of her interests in the claims to the co-owners who performed or caused performance of the assessment work.[8]

Reversed and remanded for further proceedings consistent with this opinion.[9]

---

**3.** This section was originally enacted as Section 5 of the Mineral Location Law of 1872 (ch. 152, § 5, 17 Stat. 92).

**4.** 2 American Law of Mining § 46.04[1], at 46–27 (2d ed. 1984). This treatise notes that by enacting 30 U.S.C. § 28,

Congress provided a unique statutory procedure, sometimes referred to as "advertising out," whereby co-owners who have performed the annual assessment work may divest a delinquent co-owner of his interest in the claim. *Id.* (footnote omitted).

**5.** *Compare Jackson v. Robertson,* 763 F.2d 1176, 1181 (10th Cir.1985) (citations omitted), where the court made the following observations regarding notice under the federal statute:

30 U.S.C. § 28 requires that a delinquent co-owner receive actual notice (or by publication). Actual written notice for purposes of the statute means that the delinquent co-owner has full and actual knowledge of every fact required by the statute to be given in the notice.... Courts look to the form and content of the notice. provided to determine whether the delinquent co-owner "was given

the opportunity to contribute his proportionate share of the assessment work...."

**6.** *See Fargo v. McAlester Fuel Co.,* 532 F.2d 149, 155 (9th Cir.1976).

**7.** *See Donohoe v. Tjosevig,* 6 Alaska 139, 149 (D.Alaska 1919).

**8.** *See Aguchak v. Montgomery Ward Co.,* 520 P.2d 1352, 1358 (Alaska 1974).

**9.** Baird also argues that the forfeiture was not effective because Cornwall failed to comply with AS 38.05.220 which requires the co-owner claiming forfeiture to record the notice to contribute. We think this argument is meritless. The recording provisions embodied in AS 38.-05.220 are for the benefit of third parties and have no effect on the interests of Baird and Cornwall vis-a-vis each other. *Cf. Pomeroy v. Sam Thorpe Mining Co.,* 37 Ariz. 541, 296 P. 255, 259 (1931) (compliance with state statute imposing recording requirement is not essential to enforce right of forfeiture granted by 30 U.S.C. § 28).